## DOBBINS v. DOLLARHIDE et al.

AN appeal will not be dismissed on the ground of insufficiency in the justification of the sureties on the undertaking, where the undertaking was both to render the appeal effectual and to stay execution, and the justification was sufficient for the former purpose.

Where the examination of the sureties does not disclose sufficient property to make the undertaking operate as a stay, but does disclose sufficient to render the appeal effectual, respondent's remedy is by motion in the Court below for leave to proceed on the judgment, notwithstanding the undertaking, and not by motion in the Supreme Court to dismiss the appeal.

The statute requires the places of residence and occupation of the sureties to be stated in an undertaking on appeal, only when a stay of execution upon a judgment directing the payment of money is sought.

An undertaking, without such statement, will render the appeal effectual, and as to the operation of such an undertaking as a stay, this case requires no decision.

The statement containing no specification of the grounds of appeal, and the appellant not availing himself of the privilege accorded in Barrett v. Tewksbury, (ante) of annexing to his statement those grounds nunc pro tunc, this Court will not look into the testimony to ascertain errors. The case must stand on the judgment roll.

APPEAL from the Seventh District.

The respondent moved to dismiss the appeal for the reasons stated by the Court. The motion was based on an affidavit setting forth that the examination of the sureties, on notice of justification, showed them to be worth less than the amount required. The examination was also contained in the record.

John Wilson, for Appellant.

Whitman & Wells, for Respondent.

On the motion to dismiss, the opinion of the Court was delivered by FIELD, C. J.—BALDWIN, J. concurring.

The motion to dismiss the appeal is made on two grounds: the alleged insufficiency of the justification of the sureties, and the omission to designate in the undertaking their places of residence and occupation.

The undertaking is not merely to render the appeal effectual, but to stay the execution of the judgment, and were the justification insufficient for the latter purpose, it might be ample for the first. It is so in this case, and this fact disposes of the motion. We express no opinion,

whether or not the examination of the sureties discloses the possession of sufficient property—exempt from execution—to make the undertaking operate as a stay. If in fact it do not, the remedy of the respondent is by motion in the Court below for leave to proceed on the judgment, notwithstanding the undertaking—and not by motion in this Court to dismiss the appeal.

It is only when a stay of execution upon a judgment directing the payment of money is sought, that the statute provides that the undertaking shall state the places of residence and occupation of the sureties. (Pr. Act, sec. 349.) An undertaking without such statement will render the appeal effectual, and we are not called upon to decide upon the operation of the undertaking as a stay.

Motion denied.

At the July term, 1860, the opinion of the Court was delivered by FIELD, C. J.—COPE, J. concurring.

The statement embodied in the record does not set forth the grounds upon which the appellant relies on the appeal, and in this respect fails to comply with the requirements of the statute and the decision of this Court in *Barrett* v. *Tewksbury*, *(ante)*. The statement, it is true, was prepared and settled previous to the decision in that case, and this fact would be a sufficient answer to the objection taken, if the appellant had availed himself of the privilege extended by the decision to annex to his statement the grounds of his appeal *nunc pro tunc*. This he has not done, and we cannot therefore look over the mass of testimony sent up with the record, to ascertain if any errors may possibly have intervened upon the trial.

Upon the judgment roll alone no error appears, and the judgment must therefore be affirmed.

Ordered accordingly.