[L. A. No. 1855.   In Bank.—February 21, 1906.]

ELLA SWEM et al., Petitioners, v. CHARLES MONROE, Judge of Superior Court of Los Angeles County, Respondent.

APPEAL FROM JUSTICE'S COURT — DEPOSIT IN LIEU OF UNDERTAKING—CODE PROVISION NOT REPEALED BY IMPLICATION.—Section 926 of the Code of Civil Procedure, enacted in 1878, permitting a deposit of one hundred dollars in lieu of the bond on appeal for costs in the sum of one hundred dollars, as required by section 978 of the same code, originally passed 'n 1872, was not repealed by implication by the amendment of section 978, in 1880, which made no change as to the one-hundred-dollar bond on appeal, though concluding with a clause repealing all acts and parts of acts in conflict therewith. The provisions as to the one-hundred-dollar bond are to be considered as if enacted in 1872, and are not to be given effect as if re-enacted in 1880, either for purposes of repeal, or any other purpose; but there is no such inconsistency between the two sections, however considered, as to work a repeal by implication of section 926 by the amendment of 1880 to section 978.

ID.—INSUFFICIENT DEPOSIT—REFUSAL TO DISMISS APPEAL—PROHIBITION.—Where the only deposit made was of the amount of the judgment in a less sum than one hundred dollars, and no undertaking on appeal was given in the sum of one hundred dollars, the superior court had no jurisdiction of the appeal, and was in duty bound to dismiss it, and upon refusal to do so prohibition will lie to prevent any proceeding in the superior court other than such dismissal.

PETITION for Writ of Prohibition to a Judge of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

J. Marion Brooks, for Petitioners.

H. S. Rollins, for Respondent.

SHAW, J.—This is an original proceeding for a writ of prohibition. The proceeding was begun in the district court of appeal for the second district, and the judges of that court

being unable to agree upon a judgment, the cause has been transferred to this court in accordance with section 4 of article VI of the constitution. The case was considered on the merits in the district court, although not decided. We therefore disregard all technical objections to the issuance of the preliminary writ.

Ella Swem recovered judgment in a justice's court of Los Angeles County against Anna Blumberg for $86.30, including costs of suit. Thereafter, Anna Blumberg gave due notice of appeal to the superior court, but instead of giving the bond on appeal, as the law provides, she endeavored to perfect the appeal by making a deposit of money, and for that purpose deposited with the justice of the peace the said sum of $86.30 for which the judgment was given. The papers were then transferred to the superior court, and assigned to the department over which the respondent presides as judge thereof. A motion was then made to dismiss the appeal on the ground that no bond had been given for costs on appeal, and that the superior court was without jurisdiction to proceed with the case. The motion was denied, whereupon this proceeding was begun to prohibit further proceedings in the superior court in the cause.

This court, in *Laws* v. *Troutt*, 147 Cal. 172, [81 Pac. 401], decided that, under section 926 of the Code of Civil Procedure, an appeal could be perfected from a judgment of a justice's court, by making a deposit with the justice in the sum of one hundred dollars, as security "for the payment of the costs on the appeal," instead of giving the undertaking for that purpose required by section 978 of the same code, and that an appeal so perfected would give the superior court jurisdiction of the case. Section 926 was enacted on February 25, 1878, and section 978 was amended in 1880 by an act amending a number of sections of the Code of Civil Procedure, and concluding with a clause repealing all acts and parts of acts in conflict therewith. The amendment did not, however, make any change in the portions of the section as originally enacted in 1872, relating to the undertaking for one hundred dollars to secure the costs on appeal. Those provisions, therefore, are to be considered as if they were enacted in 1872, and are not to be given effect as if re-enacted in 1880, either for purposes of repeal, or any other purpose. (Pol. Code, sec.

˄25; Sutherland on Statutory Construction, sec. 237.)   The effect of such repealing clause is no greater than an express declaration of the rules of law concerning a repeal by implication.   There is no such inconsistency between sections 926 and 978 as to work a repeal by implication of section 926 by the amendment of 1880 to section 978, even if the re-enactment of the original provisions would have such effect, much less when they are not to be deemed as enacted at the latter date.   (*Hellman* v. *Shoulters*, 114 Cal. 153, [44 Pac. 915, 45 Pac. 1057]; 1 Sutherland on Statutory Construction, secs. 256, 267, 273; 26 Am. & Eng. Ency. of Law, 719, 725; *People* v. *Durick*, 20 Cal. 95; *District of Columbia* v. *Sisters*, 15 App. D. C. 308.)   There is, however, nothing in either section which authorizes an appeal to be perfected by a deposit of a less sum than one hundred dollars as security for the costs on appeal.   Neither an undertaking nor a deposit to stay proceedings can be taken in lieu of a deposit or undertaking for the costs on appeal.   (*McConkey* v. *Superior Court*, 56 Cal. 83; *Coker* v. *Superior Court*, 58 Cal. 177; *McCracken* v. *Superior Court*, 86 Cal. 75, [24 Pac. 845].)   In the present case the deposit of money was less than one hundred dollars, which was insufficient to perfect the appeal. The superior court was without jurisdiction and should have dismissed the appeal.

Let the writ issue commanding the respondent to refrain from further proceedings in the case, except to dismiss the appeal.

Beatty, C. J., Angellotti, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.