[Civ.  No. 382.  Second Appellate District.—April 30, 1907.]

## COMMERCIAL BANK OF SANTA ANA, Respondent, v. T. A. WELLS and J. E. WELLS, Appellants.

APPEALS—AMBIGUOUS UNDERTAKING—DISMISSAL.—Where the notice of appeal was from the judgment and from an order denying a new trial, and the only undertaking filed was conditioned to ''pay all costs and damages which may be awarded on the appeal or on a dismissal thereof, not exceeding three hundred dollars,'' it is not possible to determine which appeal is referred to in the undertaking; and it is so ambiguous that it must be regarded as if none had been filed and both appeals must be dismissed.

ID.—LAPSE OF TIME TO APPEAL FROM ORDER.—The motion of appeal having referred both to the judgment and order, each of which was appealable, the fact that the time had lapsed for taking an appeal from the order is of no consequence.

ID.—NEW UNDERTAKING NOT PERMISSIBLE.—To permit a new undertaking to be filed would be in effect to permit a new appeal to be perfected after the time fixed by law; and an application therefor must be denied.

MOTION to dismiss appeal from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

J. Marion Brooks, for Appellants.

E. E. Keech, for Respondent.

ALLEN, P. J.—Motion to dismiss appeals. The notice of appeal was from the judgment and from an order denying a new trial.. The only undertaking filed was conditioned to "pay all costs and damages which may be awarded on the appeal or on a dismissal thereof, not exceeding three hundred dollars." It is not possible to determine which appeal is referred to in the undertaking. "It is so ambiguous that it must be regarded as if none had been filed." (*People* v. *Center*, 61 Cal. 191; *Home & Loan Associates* v. *Wilkins*, 71 Cal. 626, [12 Pac. 799].) The fact that the time had elapsed within which one of the appeals should be taken is of no consequence. The notice referred to the judgment and order, both of which were appealable. A different rule applies when the notice relates to a nonappealable order. (*Wadleigh* v. *Phelps*, 147 Cal. 140, [81 Pac. 418].)

The application to file a new undertaking must be denied. "To allow a new one to be filed would be, in effect, to permit a new appeal to be perfected after the time fixed by law." (*Home & Loan Associates* v. *Wilkins*, 71 Cal. 626, [12 Pac. 799].)

Application to file undertaking is denied and the appeals dismissed.

Shaw, J., and Taggart, J., concur.