[Civ. No. 506.    Third Appellate District.—September 9, 1908.]

PACIFIC WINDOW GLASS COMPANY, a Corporation, et al., Petitioners, v. FRANK H. SMITH, as Judge of Superior Court of San Joaquin County, and said SUPERIOR COURT, Respondents.

CERTIORARI—DISMISSAL OF APPEAL FROM JUSTICE'S COURT—EXCESS OF DEPOSIT NOT VITIATING APPEAL.—*Certiorari* will lie to annul the dismissal by the superior court of an appeal from a justice's court, when a deposit of the whole amount of the judgment and all costs, exceeding the amount of $100, was deposited in court the day after the notice of the appeal was filed; and the excess of such deposit will not vitiate the appeal if it was intended to make it effectual.

ID.—PROVISIONS FOR DEPOSIT—CONSTRUCTION OF CODE.—Though section 978 of the Code of Civil Procedure providing for a bond on appeal

from justice's court provides for a deposit in lieu of an undertaking to stay execution, and does not provide for a deposit in lieu of the undertaking on appeal, yet such provision is made in section 926 of that code, and the deposit of the requisite amount of money will give the superior court jurisdiction of the appeal.

ID.—DISPOSITION OF MONEY BY JUSTICE NOT MATERIAL.—The disposition of the money by the justice in sending the whole amount to the superior court, instead of retaining $100 to secure the costs on appeal, is immaterial.

ID.—PRESUMPTION AS TO INTENTION TO PERFECT APPEAL.—When, at the time of the deposit in the justice's court, nothing was said as to the intent with which the deposit was made, and there is nothing in the record to show that it was intended exclusively to stay execution on the judgment, such exclusive intention cannot be presumed, but it must be assumed, in the absence of anything in the record to show the contrary, that the purpose of the deposit was to make the appeal effectual.

ID.—ESTOPPEL OF PETITIONERS IN APPEALED ACTION—PLAINTIFF NOT INJURED.—It appearing that petitioners in resisting the motion to dismiss the appeal declared that the purpose of the deposit was to perfect the appeal, the plaintiff in the appealed action could not have been injured by the denial of the motion, as the petitioners would be estopped from thereafter asserting a different purpose of the deposit.

ID.—TREND OF DECISIONS—TRIAL UPON MERITS.—The spirit and trend of modern decisions, on points of practice in general, is that causes should be permitted to be heard on their merits where, in so ruling, positive violence is not done to some rule or rules of procedure and practice.

PETITION for writ of review to annul a judgment of the Superior Court of San Joaquin County dismissing an appeal from the justice's court of O'Neal township. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Ashley & Neumiller, for Petitioners.

Webster & Webster, for Respondents.

HART, J.—*Certiorari.* The petitioners charge that the respondents acted in excess of their jurisdiction in the dismissal of an appeal from the justice's court of O'Neal township, county of San Joaquin, in a certain action wherein one W. J. Herson was plaintiff and the petitioners were defend-

ants, and in which judgment was rendered and entered in favor of the plaintiff in said action against the petitioners.

The ground upon which the appeal was dismissed in said action was that "no undertaking on appeal for the sum of $100 for the payment of the costs on the appeal" had been filed by the defendants in said action (petitioners here), as required by the provisions of section 978 of the Code of Civil Procedure.

According to the uncontroverted averments of the petition, a judgment was rendered by the justice's court of O'Neal township on the second day of April, 1908, in favor of said W. J. Herson and against the petitioners for the sum of $177.30, of which the sum of $25.16 was for attorneys' fees and $26.34 for costs. On April 7, 1908, the petitioners, as defendants in said action, filed with said justice's court a notice of appeal from said judgment on questions of both law and fact, and served a copy thereof on the adverse party, and on the following day—April 8th—"made a deposit of the amount of said judgment, including all costs, appealed from, with said justice," in the sum of $177.30. Thereupon said justice transmitted to the clerk of the respondent, said superior court, a certified copy of his docket, the pleadings, all notices, motions and all other papers filed in the cause, and the notice of appeal, and also transmitted and turned over to the clerk of said superior court the sum of $177.30, deposited with said justice as aforesaid, the same to be subject to any order of said superior court in the premises. Thereupon, the petitioners caused said appeal to be placed on the May 4, 1908, trial calendar of said superior court, no objection thereto having been interposed by the plaintiff in said action. On May 15, 1908, the said plaintiff filed and served notice on petitioners that he would, on Monday, May 25, 1908, move to dismiss the appeal upon the ground already stated. Said motion was heard, with the result as stated.

The respondents demur to the petition on general grounds.

The question which is assumed by counsel on both sides to be the pivotal one upon which it must be determined whether the superior court obtained jurisdiction of the appeal is as to the intent and purpose with which the deposit was made by the petitioners with the justice of the peace.

There is nothing in the record before us affirmatively indicating the particular purpose which was in the minds of the

petitioners for which the deposit was made when the money was delivered to the justice. The money was deposited the day following the filing of the notice of the appeal, but counsel for petitioners so depositing said money made no statement to the justice as to the purpose which it was intended the deposit was to subserve. It is, therefore, claimed by the respondents that the deposit, being exactly the same in amount as the judgment and costs and attorneys' fees awarded to the plaintiff, as required by the statute in cases where a deposit of money is made in lieu of a stay bond, and in excess of the amount required in lieu of an undertaking conditioned for the payment of the costs on the appeal, it must be assumed that the deposit was made for the purpose of staying execution and not for the indemnification of the plaintiff against the costs on appeal. The position of respondents would be impregnable if the assumption essential to its soundness were tenable. But we know of no principle and can conceive of no reason justifying that assumption. We think it would be more conformable to reason to hold, and that we are authorized to assume, there being nothing to the contrary shown by the record certified to this court of all the proceedings in the action before the justice of the peace, that the purpose of the deposit was intended by the petitioners to perfect the appeal, or, in other words, intended as a step in the matter of the appeal without which the appeal would manifestly be ineffectual.

Section 978 of the Code of Civil Procedure provides that "an appeal from a justice's or police court is not effectual for any purpose, unless an undertaking be filed with two or more sureties in the sum of one hundred dollars for the payment of the costs on the appeal." The same section provides for an undertaking the purpose of which is to stay the proceedings, and further provides as to the latter undertaking that "a deposit of the amount of the judgment, including all costs, appealed from or of the value of the property, including all costs in actions for the recovery of specific personal property, with the justice or judge, is equivalent to the filing of the undertaking, and in such cases, the justice or judge must transmit the money to the clerk of the superior court to be by him paid out on the order of the court." There is no provision in that section authorizing the substitution of a money deposit for the undertaking required for the payment of the

costs on the appeal; but the right to deposit money in lieu of an undertaking for that purpose is given by section 926 of the Code of Civil Procedure, which provides that the sum so deposited must be equal to the amount required "by the said undertaking," and an appeal so perfected will give the superior court jurisdiction of the case. (*Laws* v. *Troutt,* 147 Cal. 172, [81 Pac. 401].)

Section 978 provides, as will be observed, that the money deposited in the place of the undertaking to stay proceedings shall be transmitted by the justice to the clerk of the superior court. There is no provision in either of the sections to which we have referred requiring the same course to be pursued as to the money deposited in lieu of the undertaking for the payment of the costs on the appeal. It is thus to be noticed that it was perhaps the duty of the justice, assuming that the money deposited with him by the petitioners was for the payment of the costs on the appeal, to have retained said money pending the disposition of the appeal by the superior court. But this circumstance does not necessarily become a factor in the determination of the question before us. The right of the petitioners to maintain their appeal should not be made to hinge on an unauthorized act of the justice of the peace. Besides, if this were the only objection grounded against the right to maintain this appeal, it would promptly and properly be repudiated as a mere shadow without any semblance of substance. But we do not understand respondents to undertake to maintain that the circumstance possesses further significance than as evidencing the understanding the justice conceived of the purpose for which the deposit was made.

We think the deposit, under all the circumstances, is to be, and should be, construed as having been made for the purpose of the payment of the costs on the appeal. The petitioners intended to and did take the appeal. They filed and served their notice to that effect, and doubtless their counsel well knew that in order to perfect the appeal, an undertaking or a deposit of some amount of money to guarantee the payment of the costs on appeal was indispensably essential. For aught that we can determine from the record before us, the petitioners might have believed and assumed that the depositing with the justice of a sum equal in amount to the judgment and costs, etc., would have the effect of both stay-

ing proceedings and perfecting the appeal. But, as the supreme court of Nevada, in *Nevada* v. *California M. Co.,* 13 Nev. 22, says: ''Whether they unwittingly or intentionally executed the undertaking for the purpose of perfecting the appeal as well as staying execution, the result is, that they accomplished the first, whether they did the last or not. An appeal is taken ·by filing and serving ·notice. It is made effectual as an appeal, simply, by executing an undertaking in accordance with section 1402 [Nev. Comp. Laws].'' The fact that the amount deposited exceeds that required by the statute to make the appeal effectual cannot, of course, vitiate the appeal. The sum deposited to render the appeal effectual cannot be less than that required (*Swem* v. *Monroe,* 148 Cal. 743, [83 Pac. 1074]), but the appeal cannot be invalidated because the amount deposited for that purpose exceeds, however much, the sum prescribed. (*Mokelumne Hill Canal & M. Co.* v. *Woodbury,* 10 Cal. 186; *Ward* v. *Superior Court,* 58 Cal. 519.) In some of the early cases it is said that an appeal will not be dismissed on the ground of insufficiency in the justification of the sureties, where the undertaking was both to render the appeal effectual and to stay execution, and the justification was sufficient for the former purpose. (*Dobbins* v. *Dollarhide,* 15 Cal. 374; *Zoller* v. *McDonald,* 23 Cal. 136.)

The deposit was sufficient to meet the costs on appeal, and we can see no reason why it should not, under the circumstances, be held to have been made for that purpose. It is, of course, impossible to say, except by presumption, what the particular idea of petitioners was in making the deposit, but we may suggest that we can hardly understand why the petitioners should have intended the deposit to operate as a stay only, since they could have gained no substantial advantage by depositing the money for the purpose of effecting a stay of proceedings if, as the respondents contend, they failed to take the necessary step to make the appeal effectual.

Counsel for respondents suggest that, if the plaintiff had sought to secure execution of the judgment, the petitioners, under the circumstances, could and probably would have claimed that the deposit was intended as a stay. If so, their appeal would have been without the requisite support and consequently ineffectual. The suggestion also occurs to us that the plaintiff in the appealed action could have suffered no injury from a refusal of the court to dismiss the appeal,

for, having declared, in resisting the motion, the purpose of the deposit to be to perfect the appeal, the petitioners would certainly have been estopped from thereafter denying it, or from asserting a contrary or different purpose of said deposit.

The conclusion we have reached responds to the spirit and corresponds with the trend of modern decisions on points of practice in general, which is that causes should be permitted to be heard on their merits where, in so ruling, positive violence is not done some rule or rules of procedure and practice. (*Vinson* v. *Los Angeles Pac. R. R. Co.*, 147 Cal. 483, [82 Pac. 53].)

In accordance with the foregoing views, the order of the respondents dismissing the appeal in said action of *Herson* v. *Pacific Window Glass Co. (a Corporation) et al.* is hereby annulled, set aside and vacated.

Chipman, P. J., and Burnett, J., concurred.