[Civ. No. 675.    Third Appellate District.—November 1, 1909.]

A. M. BERGEVIN and A. M. BERGEVIN & COMPANY, a Corporation, Petitioners, v. FRED V. WOOD, as Judge of the Superior Court of the County of Amador, and said SUPERIOR COURT, Respondents.

WRIT OF REVIEW—FUNCTION OF WRIT.—While it is often difficult to determine what constitutes a departure from the regular pursuit of its authority by an inferior tribunal, board or officer, within the meaning of section 1074 of the Code of Civil Procedure, yet it is clear that the function of the writ of review is to bring up for review only the question whether such tribunal, board or officer has exceeded its jurisdiction, and it cannot perform the office of a writ of error.

ID.—JURISDICTION OF SUPERIOR COURT TO DISMISS APPEAL FROM JUSTICE'S COURT.—In determining upon a writ of review whether a superior court has or has not exceeded its jurisdiction in dismissing an appeal from a justice's court, the question must depend upon whether there was or was not a lawful undertaking on the appeal. If there was no such undertaking as the statute provides, the court had no jurisdiction of the case, and in the lawful exercise of its authority must dismiss the appeal. If there was such an undertaking, it not only had complete jurisdiction of the cause, but could not divest itself of jurisdiction by dismissing the appeal.

ID.—POWER OF COURT TO DETERMINE ITS OWN JURISDICTION.—Where it is implied or expressly declared the court determines its own jurisdiction beyond the reach of the writ of review, it must be accepted with the qualification that where it is based upon disputed facts, or upon a rational inference from the acts of the parties and the proceeding taken, the court's determination is binding upon a reviewing tribunal in cases of this kind.

ID.—INSUFFICIENT BOND UPON APPEAL—PROPER EXERCISE OF JURISDICTION.—Where there were two appellants, a bond to answer for one only of the appellants is insufficient to justify the appeal from the justice's court to the superior court, and the superior court having properly exercised its jurisdiction in dismissing the appeal, the writ of review has no function to perform in such case, and must be dismissed.

ID.—NEW BOND NOT ALLOWABLE AFTER DISMISSAL.—The superior court had no jurisdiction to allow a new bond to be filed after it had dismissed the appeal; and it could not then be compelled by writ of mandate to exceed its jurisdiction in that regard, whether it had or had not original authority to allow such bond prior to dismissal. It seems no such express authority is given on appeal from the justice's court.

PETITION for writ of review to the Superior Court of Amador County. Fred V. Wood, Judge.

The facts are stated in the opinion of the court.

M. C. Hassett, for Petitioners.

Wm. J. McGee, for Respondents.

BURNETT, J.—This is an application for a writ of review occasioned by the dismissal of the appeal of the said A. M. Bergevin & Company from a certain judgment of the justice court of Township No. One in said Amador county. The order of dismissal was based upon the ground of the insufficiency of the bond on appeal.

It is not claimed that the proceedings of the superior court up to the time of said dismissal were in any respect irregular, but the contention is that the court, in holding that the bond was insufficient, exceeded its jurisdiction, or, in other words, did not "regularly pursue" its authority within the meaning of section 1074 of the Code of Civil Procedure, providing that "The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer."

What constitutes a departure by a court from the regular pursuit of its authority is often difficult to determine, although the decisions of our supreme court would seem to leave no doubt as to what should be the conclusion here.

In *Buckley* v. *Superior Court*, 96 Cal. 120, [31 Pac. 8], it is said: "It will be noticed that the foundation of the writ is essentially and necessarily an excess of jurisdiction; for no act of tribunal, board or officer exercising judicial functions, done or made within its jurisdiction, can ever be the subject of attack by writ of review. In the matter now before us, it is apparent that the court had jurisdiction of the subject matter and of the persons; all the parties were before the court; the appeal was regularly taken; and we are at a loss to understand why the court had not the same jurisdiction to hear a motion to dismiss the appeal as it had to proceed to a trial of the cause upon its merits. If it had jurisdiction to hear the motion, and as to that matter there can be no question, then its ruling upon the motion was simply an exercise of that jurisdiction, and however erroneous such ruling might be, it would only be an error of law in no manner subject to review by an original proceeding in this court. In this case the court had jurisdiction to hear the matter, and it would be an absurdity to say that upon the submission of the matter the court had jurisdiction to deny the motion to dismiss the appeal but no jurisdiction to grant it. As was said in *Central Pacific R. R. Co.* v. *Placer County,* 46 Cal. 670: 'It has been settled by a long series of decisions in this state that a writ of *certiorari* brings up for review only the question whether the inferior officer, court or tribunal has exceeded its jurisdiction, and cannot be used as a mere writ of error for the correction of mistakes, either in law or fact committed by the inferior tribunal within the limits of its jurisdiction.'" The doctrine of the Buckley case is undoubtedly liable to be pressed so far as to virtually destroy the operation of the writ of review in relation to the proceedings of the superior court. It seems to be held there that said court has the power to determine its own jurisdiction, at least in cases of appeal from the justice court. If so, in a case where an appeal from the justice court is pending in the superior court and a motion is regularly made to dismiss the appeal, and it appears on the hearing of the motion that no undertaking whatever has been given, since the court has the power to hold—erroneously, it may be admitted—that no undertaking is required or, contrary, to the fact that a sufficient one has been furnished, it would be no excess of jurisdiction for the court to deny the motion to dismiss the appeal.

But, seemingly, there is a marked distinction between the jurisdiction to hear a motion to dismiss an appeal and the jurisdiction to try the cause. If the motion is regularly made to dismiss, no doubt the court has jurisdiction to determine it, but if it should appear upon the hearing of the motion that the court has no jurisdiction to try the cause it is difficult to understand how it would have any authority to deny the motion and retain the case for trial.

Here there is no possible doubt that the superior court had authority to hear the motion, but its jurisdiction to try the case depends upon the question whether there was an undertaking on appeal. If there was no such undertaking as the statute provides, it had no jurisdiction of the case, and therefore in the lawful exercise of its authority, the only course to pursue was to dismiss the appeal. If there was such an undertaking, it not only had complete jurisdiction of the cause but it could not divest itself of said jurisdiction by dismissing the appeal. If the court has the power to determine its jurisdiction, it would follow that whether there is or is not an undertaking, the court may have jurisdiction either to try or not to try the cause.

The truth is, undoubtedly, that where it is implied or expressly declared that the court determines its own jurisdiction beyond the reach of the writ of review, it must be accepted with the qualification that where it is based upon disputed facts, or upon a rational inference from the acts of the parties and the proceedings taken, the court's determination of its jurisdiction is binding upon a reviewing tribunal in a proceeding of this kind.

In the case at bar, the court dismissed the appeal for the reason stated that the surety (The American Surety Company of New York) had bound itself to answer for only one of the appellants, "that as a surety was entitled to stand upon the precise terms of his contract, to hold that the surety company was liable for both defendants was to read something into the contract that had not been assented to by the surety." It appears also by the return of respondent that counsel for appellants at the argument of the motion to dismiss the appeal expressed a grave doubt as to the sufficiency of the undertaking. This doubt is amply justified by the language used which, as far as necessary to quote, is as follows: "Whereas, the said defendants are dissatisfied with the said judgment

and are desirous of appealing therefrom to the superior court of the county of Amador, and pending such appeal, claim a stay of proceedings and are desirous of staying the execution of the said judgment so rendered as aforesaid;

"Now, therefore, in consideration of the premises, of such appeal and of such stay of proceedings and execution, all as aforesaid, we, the undersigned American Surety Company of New York . . . as surety do hereby undertake and acknowledge ourselves bound in the sum of five hundred and thirty-four dollars (being twice the amount of the said judgment including costs) and promise on the part of said appellant that the said appellant will pay the amount of the said judgment so appealed from and all costs, if the appeal is withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against him in the action in the said superior court." It cannot be said to be an unwarranted construction of the foregoing instrument to hold that the surety bound itself to answer for a judgment against appellant Bergevin and not against Bergevin & Company. At least, the undertaking is so uncertain in that respect that the court did not exceed its jurisdiction in dismissing the appeal as to the appellant company.

In *Commercial Bank* v. *Wells*, 5 Cal. App. 474, [90 Pac. 981], the appeal was from the judgment and from an order denying a new trial. As stated by the court: "The only undertaking filed was conditioned to 'pay all costs and damages which may be awarded on the appeal or on a dismissal thereof not exceeding $300.' It is not possible to determine which appeal is referred to in the undertaking. 'It is so ambiguous that it must be regarded as if none had been filed.' (*People* v. *Center*, 61 Cal. 191; *Home & Loan Assn.* v. *Wilkins*, 71 Cal. 626, [12 Pac. 799].)" This conclusion was reached notwithstanding that the time had elapsed within which one of the appeals should have been taken.

In *McAulay* v. *Tahoe Ice Co.*, 3 Cal. App. 642, [86 Pac. 912], it was held, as stated in the syllabus, that "where the notice of appeal properly designated the supreme court as having sole jurisdiction . . . the undertaking on appeal should have conformed thereto; and where it misdescribed this court as the one to which the appeal was taken as 'the appellate court for the third district of the state of California' it was ineffectual for any purpose; and the appeal must be dis-

missed,'' the court basing its decision on the familiar doctrine that the sureties may rely upon the strict terms of their obligation. (Brandt on Suretyship and Guaranty, sec. 106.)

It is apparent here that, according to the strict terms of the undertaking, the surety would not be liable for a judgment against one of the appellants. And indeed, on account of the uncertainty in said terms, it is at least doubtful whether the undertaking is sufficient as to either appellant.

In the case of *Zane* v. *De Onativia,* 135 Cal. 440, [67 Pac. 685], it is held that where an appeal is taken by only one party, and the undertaking thereon purports on its face to be given on appeal taken by several appellants, such undertaking is insufficient and the appeal will be dismissed. It is said: ''In this case only the defendant Lillie gave notice of appeal, the undertaking in terms is security for the appeal of the defendants. The sureties undertake upon the part of the appellants (when there is but one appellant) that the appellants will pay all costs and damages which may be awarded against the defendants on said appeal when costs and damages could only be awarded against the one appealing defendant. Standing upon the strict letter of their contract, the sureties could never be liable for anything upon this undertaking.''

If that decision is right—and we do not question it—there can be no doubt that the court below was justified in dismissing the appeal of Bergevin & Company. The significance of the undertaking is to be determined from the language used and not by the application of section 17 of the Code of Civil Procedure in reference to the meaning of words used in the code.

We can see nothing in the cases cited by petitioners militating against the views herein expressed. Of these we notice *Jones* v. *Superior Court,* 151 Cal. 589, [91 Pac. 505], and *Pacific Window Glass Co.* v. *Smith,* 8 Cal. App. 762, [97 Pac. 898]. In the former it was simply held that the expression ''all costs'' used in the undertaking was broad enough to cover the costs on appeal. The court said: ''It is quite evident that it was intended to be an undertaking on appeal as well as for a stay and the penal sum is more than twice the amount of the judgment and the hundred dollars in addition.'' It may be remarked that it might be plausibly contended here that there is no undertaking to pay the costs on appeal, as it

purports to be an undertaking for a stay, and the penal sum is only twice the amount of the judgment and does not include the $100 for costs on appeal, but we deem it unnecessary to decide that point, although it is determined in *McConky* v. *Superior Court*, 56 Cal. 83, that when there is an undertaking for a stay there must also be an undertaking for costs on appeal.

In *Pacific Window Glass Co.* v. *Smith, supra,* the pivotal question was, as stated by the court and conceded by counsel, the intent and purpose with which a certain deposit in lieu of a bond was made by the petitioners with the justice of the peace. It was properly held that it was clearly their purpose to guarantee the payment of the costs of appeal.

Petitioner contends also that the court below should have allowed a new undertaking to be filed, and that upon this application an order to that effect should be made. We are bound, however, by the statement of respondent that no application was made to file said undertaking until after the appeal was dismissed. This was manifestly too late. (*Zane* v. *De Onativia, supra.*)   Section 954 of the Code of Civil Procedure makes provision for the filing of a sufficient undertaking in the supreme court or the district court of appeal before the hearing of the motion to dismiss where the undertaking already given is insufficient. There seems to be no similar provision in reference to appeals from the justice court, but it is at least too late for the superior court to allow an additional undertaking to be filed after the appeal is dismissed. The court would be without jurisdiction to make such an order. And if this application could subserve the purpose of a writ of mandate, this court would have no authority to direct the lower court to do something in excess of its jurisdiction.

We think it cannot be held that the superior court exceeded its jurisdiction in dismissing the said appeal, and the order to show cause is discharged and the writ denied.

Chipman, P. J., and Hart, J., concurred.