[Civ. No. 692.   Third Appellate District.—December 30, 1909.]

CHARLES W. THOMAS, Jr., Petitioner, v. N. A. HAWKINS, as Judge of the Superior Court, etc., in and for the County of Yolo, et al., Respondents.

WRIT OF REVIEW—SERVICE OF WRIT OR ORDER TO SHOW CAUSE.—Upon an application for a writ of review to annul the action of a judge of the superior court, a service of the writ or order to show cause upon the officer and tribunal to whom it is directed is all that is required by the statute.

ID.—SCOPE OF WRIT.—Though the writ of review cannot be made to perform the office of a writ of error for the correction of errors of law or fact, yet the full scope of the remedy is as described in section 1068 of the Code of Civil Procedure, to wit, to determine whether an inferior tribunal, board or officer exercising judicial functions has exceeded its jurisdiction, where there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.

ID.—APPEAL FROM JUSTICE'S COURT TO SUPERIOR COURT—ABSENCE OF BOND OR SUFFICIENT DEPOSIT—WANT OF JURISDICTION.—Upon an

appeal from a justice's court, where there is an entire absence of an undertaking on appeal, or of a sufficient deposit of money in lieu thereof, to cover the costs of the appeal, the superior court would have no jurisdiction to entertain the appeal further than to dismiss it for want of jurisdiction.

ID.—RETURN SHOWING JURISDICTION—CONFLICT OF EVIDENCE UPON MOTION TO DISMISS APPEAL—SUFFICIENT DEPOSIT FOR COSTS.—Where the return to the order to show cause why the writ of review should not issue shows that the superior court upon motion to dismiss the appeal determined, upon conflicting evidence, that a deposit was made by the appellant with the justice, and returned to the superior court, of more than sufficient money to cover the costs of appeal, and that it was intended to cover such costs, in lieu of a bond on appeal under section 978 of the Code of Civil Procedure, this court is in no position to declare that the decision was erroneous, or that respondents· were without jurisdiction to entertain the appeal.

ID.—EXCESS OF CASH DEPOSIT.—It will not be disputed that if the cash deposit made with the justice of the peace by the appellant, in the case here involved, was so made for the purpose and in lieu of the undertaking required by section 978 of the Code of Civil Procedure, the appellant thus perfected his appeal, and the superior court was thereby vested with jurisdiction thereof, notwithstanding the fact that the sum deposited greatly exceeds the amount required for that purpose.

ID.—DETERMINATION OF JURISDICTION — DISCRETIONARY POWER.—Where the question of jurisdiction is determined by an inferior tribunal, board or officer, whose jurisdiction is challenged by writ of review, upon evidence *aliunde* the record itself, and upon evidence justifying a conclusion either for or against the jurisdiction, the court entertaining the proceedings for review cannot interfere with the conclusion thus reached, which is the result of the exercise of the necessary discretion vested in all tribunals, boards or officers exercising judicial functions.

ID.—CERTIFYING UP EVIDENCE TAKEN TO DETERMINE JURISDICTION.— That evidence may be taken to determine a jurisdictional fact, and that it is proper and necessary to certify such evidence up with the record is fully established.

APPLICATION for writ of review to the Superior Court of Yolo County, and N. A. Hawkins, Judge thereof.

The facts are stated in the opinion of the court.

Charles W. Thomas, for Petitioner.

Elmer W. Armfield, for Respondents.

HART, J.—This is an application for a writ of review.

Before disposing of the proceeding upon the merits, we shall notice some preliminary points suggested by the respondents.

1. The motion to quash the order to show cause and the proceedings herein is denied. The grounds of this motion are that the order to show cause granted by this court was not served upon the real party in interest and (rather in the nature of a demurrer) that the allegations of the petition on which said order was issued are subject to some extremely technical objections to which it is not necessary to make special reference.

The writ or order to show cause was served upon the officer and tribunal to whom it was directed, and this is all that is required by the statute. (Code Civ. Proc., sec. 1070.)

2. But counsel for the respondents insists, with apparent earnestness, that a writ of review, "is not the proper remedy in this matter and that this court cannot determine the issue involved."

In support of this position, counsel declares that "if the superior court had jurisdiction to hear the motion (motion to dismiss), then there can be no question that its ruling upon the motion was simply an exercise of that jurisdiction, and however erroneous such ruling might be, it would only be an error of law and in no manner be subject to review by an original proceeding in this court"; citing *Buckley* v. *Superior Court,* 96 Cal. 119, [31 Pac. 8], and *Sherer* v. *Superior Court,* 96 Cal. 654, [31 Pac. 565], as sustaining the view thus suggested.

It is only elementary to declare that the writ of review cannot be made to perform the office of a writ of error for the correction of errors of law or of fact. The full scope of the remedy is as is described by section 1068 of the Code of Civil Procedure, to wit: To determine whether an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, where there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy.

But the position here of counsel for the respondents is without the slightest foundation, either in principle or precedent, upon which it may rest. In both cases in the 96th Cal., cited by counsel, the appeals had been *regularly* taken

to the superior court and the "excess of jurisdiction" alleged therein consisted of rulings of the courts after the latter had acquired jurisdiction of the cases. Here the question goes to the very root of the court's power to pass upon any proposition affecting the merits of the cause or any other matter pertinent thereto, except to pass upon the motion to dismiss the appeal for want of jurisdiction to entertain the same. No better authority than the statute itself need be sought to show the obvious and utter untenableness of counsel's position. It [section 978, Code of Civil Procedure] plainly says: "An appeal from a justice's or police court *is not effectual for any purpose, unless an undertaking be filed with two or more sureties in the sum of one hundred dollars for the payment of the costs on appeal.*" If counsel's argument were maintainable, that section could be rendered absolutely nugatory in those appeals where, notwithstanding the fact that no appeal bond was filed, the court decided that it nevertheless had acquired jurisdiction to entertain such appeals. The undertaking for the payment of costs on appeal is, obviously, the essential and indispensable prerequisite to the conferring of jurisdiction of appeals from justices' or police courts on the superior court, and where in such cases that necessary formality is not complied with, the superior court is as powerless to hear or try the cause as it would be to try and determine one within its own jurisdiction on oral pleadings or to try and decide and conclude the rights of a party where summons had not been served and returned by any of the methods authorized by law.

But we are not without direct authority in our own state upon this subject. The case of *Swem v. Monroe,* 148 Cal. 741, [83 Pac. 1074], was where a writ of prohibition was granted to restrain further proceedings in the superior court in a cause appealed from the justice's court to the first mentioned court on the ground that no bond had been given for costs on appeal, the superior court having refused to grant a motion to dismiss the appeal for that reason. The appellant (in the superior court) had deposited with the justice of the peace the sum of $86.30, which was the amount of the judgment rendered and entered against her. The supreme court says: "In the present case the deposit of money was less than one hundred dollars, which was insufficient to perfect the appeal. The superior court was without jurisdiction,

and should have dismissed the appeal.'' The order of the court was that the writ of prohibition issue ''commanding the respondent to refrain from further proceedings in the case,'' amounting practically and substantially to a dismissal of the appeal.

3. The petition alleges, among other things: That on the first day of September, 1909, E. T. Lampton, as justice of the peace of Woodland township, in the county of Yolo, in a certain action wherein petitioner was plaintiff and one Chas. J. Groh was defendant, rendered judgment against said Groh and in favor of said petitioner in the sum of $163.11, which sum includes costs taxed at $22.89; that, on the sixteenth day of September, 1909, ''the said justice issued and delivered to the constable of said Woodland Township an execution in the said action against the property of the defendant for the said sum of $163.11, and on the same day said constable levied the execution on the property of said Groh and took the same into his possession and retained possession thereof until the said justice, upon deposit by defendant of the sum of $163.11, as a stay of proceedings, directed him, the said constable, to stay proceedings, whereupon the said constable stayed all proceedings and relinquished the said property to said Chas. J. Groh.'' It is further alleged that on said sixteenth day of September, 1909, a notice of appeal was filed with the justice by the attorney for said Groh, said notice stating that the appeal was from the judgment on questions of both law and fact, and thereafter said attorney deposited with said justice in cash the sum of $163.11, equal in amount to the judgment and the costs awarded to petitioner; that thereupon the justice transmitted to the clerk of the superior court of Yolo county a certified copy of his docket, the pleadings, notices and other papers appertaining to and filed in said cause, together with the notice of appeal and the money deposit of $163.11.

No bond for costs on appeal was filed nor any deposit of cash made by the defendant in said action after the appeal was taken, except the said sum of $163.11.

On the nineteenth day of October, 1909, petitioner gave notice that on the twenty-fifth day of October, 1909, he would move to dismiss the appeal on the ground that the same had not been perfected by the filing of the undertaking prescribed by section 978 of the Code of Civil Procedure.

On the eighth day of November, 1909, the respondents made an order refusing to grant the motion to dismiss the appeal "upon the ground that said deposit of $163.11 was a sufficient undertaking on appeal for the payment of costs."

The controversy here arises from the conflicting views between petitioner and the attorney for the defendant, Groh, with regard to the purpose for which the deposit of $163.11 in cash was made with the justice of the peace. Petitioner declares in his affidavit, upon which, with others, the motion to dismiss the appeal was pressed before the respondents, that the attorney for the defendant distinctly and unequivocally agreed to deposit with the justice a sufficient sum to cover the judgment and costs if he, petitioner, would cause the execution to be withdrawn and no further proceedings had thereunder and the property levied upon surrendered to said defendant; that, with this understanding, the justice directed the constable to release the property and to take no further steps under the execution; that the attorney for Groh deposited said sum with the justice in pursuance of his promise made to the petitioner. The statement of petitioner is corroborated in many particulars by the affidavit of the justice of the peace and that of C. W. Thomas, Sr., associated with petitioner as counsel for the latter.

The return to the order to show cause certifies to this court the record in the case of *Petitioner* v. *Groh,* together with all the proceedings had before respondents on the motion to dismiss the appeal. Said return discloses that, in rebuttal of the evidence produced by the petitioner in the form of the affidavits to which we have referred, the testimony of the attorney for the defendant, Groh, was received, the substance of said testimony being set out in the return and certified to by the judge of the superior court.

The attorney for Groh denied that the property of his client had been seized by the constable under the execution issued on the judgment rendered and entered against Groh, but declared that the constable, on the sixteenth day of September, appeared at Groh's place of business and threatened to levy upon his property; that, having been informed of this act of the constable, he (attorney for Groh) arranged with petitioner to have the constable to cease further proceedings on the execution, promising to immediately file his notice of ap-

peal and the bond or undertaking for costs on said appeal; that on said sixteenth day of September, he filed his notice of appeal and deposited with the justice the sum of $163.11. The attorney further testified: "No levy of the execution was ever made; the officer did not take possession of the store, nor did he close it up; the execution was not recalled by the justice of the peace at any time or at all, but was recalled by Mr. Thomas himself, and said justice court made no order in the premises. I did not deposit said sum of $163.11 or any other sum with said justice as a bond to stay proceedings, but did deposit the same as a bond on appeal."

Thus it appears that the respondents decided the motion to dismiss the appeal adversely to the contention of the petitioner upon evidence presenting a conflict upon the vital point involved, and this court is in no position to declare that the decision is erroneous or that the respondents are without jurisdiction to entertain the appeal.

It will not be disputed that if the cash deposit made with the justice of the peace by the appellant in the case involved here was so made for the purpose and in lieu of the undertaking on appeal required by section 978 of the Code of Civil Procedure, the appellant thus perfected his appeal and the superior court thereby vested with jurisdiction thereof, notwithstanding the fact that the sum deposited greatly exceeds the amount required for that purpose. (*Mokelumne Hill Canal & M. Co.* v. *Woodbury,* 10 Cal. 186; *Ward* v. *Superior Court,* 58 Cal. 519; *Pacific Window Glass Co.* v. *Smith,* 8 Cal. App. 767, [97 Pac. 898] ; *Swem* v. *Monroe,* 148 Cal. 741, [83 Pac. 1074].)

The attorney for Groh positively testified that his purpose in making the deposit was to render his appeal effectual under the terms of section 978 of the Code of Civil Procedure, and, while the fact that the sum deposited was the exact equivalent of the amount of the judgment and costs awarded to the petitioner and much in excess of the amount required in lieu of the undertaking on appeal might be regarded as a circumstance tending to show that the real and original purpose of the deposit was to stay proceedings, yet, as stated, we cannot say that the conclusion of the respondents from all the evidence is not justified. It is no doubt true that the respondents, in considering the testimony, concluded that the

attorney for Groh would not engage in the perfectly futile proceeding of taking an appeal without perfecting the same in the manner imperatively required by the statute, and thus arrived at the conclusion that the statement of said attorney that the purpose of the deposit was to render the appeal effectual was true.

It must be conceded that where the question of jurisdiction is determined by an inferior tribunal, board or officer, whose jurisdiction of a certain matter or proceeding is challenged through the writ of review, upon evidence *aliunde* the record itself and upon evidence justifying a conclusion either for or against such jurisdiction, the court entertaining the proceedings on review cannot interfere with the conclusion thus reached, for such conclusion is the result of the exercise of the necessary discretion vested in all tribunals, boards and officers exercising judicial functions. And that evidence may be taken to determine a jurisdictional fact, and that it is not only proper but necessary to certify such evidence up, with the record, on *certiorari* is fully established by the following cases: *People* v. *Board of Delegates,* 14 Cal. 479; *Lowe* v. *Alexander,* 15 Cal. 301; *Blair* v. *Hamilton,* 32 Cal. 49; *Schwartz* v. *Superior Court,* 111 Cal. 106, [43 Pac. 580]; *People* v. *Goodwin,* 5 N. Y. 568.

For the reasons ventured herein, the order herein to show cause is discharged.

Chipman, P. J., and Burnett, J., concurred.