[No. 7,050.—Department One.]

56  83
148  743

## SAMUEL McCONKY v. THE SUPERIOR COURT OF ALAMEDA COUNTY.

Appeal — Undertaking — Justice's Court — Construction of Statute— Or—Definition.—The word "or" in § 978 of the Civil Code of Procedure, joining the clauses referring respectively to the undertaking for costs on appeal and an undertaking for a stay of proceedings, is to be read "and," and in all cases the former undertaking is essential.

Id. — Id. — New Undertaking— Query: Where, upon appeal from a Justice's Court, an undertaking is filed for a stay of proceedings only, can a proper undertaking be filed in the Superior Court?

Prohibition to the Superior Court of Alameda County, and W. E. Greene, one,of the Judges thereof.

A suit was commenced in a Justice's Court by T. H. Isaacs against Samuel McConky, this plaintiff in the proceeding, and judgment rendered in favor of the latter.   A notice of appeal to the Superior Court was served and filed, but no undertaking for costs and damages was filed.

*Curtis H. Lindley*, for Plaintiff.

*W. W. Foote*, for Defendant.

McKinstry, J. :

Section 978 of the Code of Civil Procedure provides: "An appeal from a Justice's or Police Court *is not effectual for any purpose*, unless an undertaking be filed with two or more sureties, in the sum of one hundred dollars, for the payment of the costs on appeal, or, if a stay of proceedings be claimed, in a sum equal to twice the amount of the judgment," etc.   The word " or " in the foregoing extract is to be read " and."   This

is made manifest from the circumstance that the condition and penalty of the undertaking provided for in the first clause are different from those required to be inserted in the undertaking provided for in the second clause; as also from the language subsequently employed in the same section. The provision— " a deposit of the amount of the judgment, including all costs, appealed from, * * * is equivalent to the filing of *the* undertaking "—evidently applies to an undertaking conditioned, that appellant will pay the amount of a money judgment appealed from, including costs in the lower Court, and not to an undertaking given to secure respondent his costs in the appellate Court. The latter undertaking is a prerequisite, without which no effectual appeal is taken.

Section 979 provides: " If an execution be issued, on filing the undertaking staying proceedings, the justice or judge must, by order, direct the officer to stay all proceedings on the same." This section clearly indicates that an appeal may be taken without an undertaking to stay proceedings, and that two separate and distinct undertakings are contemplated. It may be that both undertakings may be included in one instrument, but the Superior Court has no jurisdiction—because the appeal " is not effectual for any purpose "—until the undertaking for costs in the appellate Court has been filed in the Justice's Court. A further analysis of the statute strengthens this view. Whether a proper undertaking for the payment of costs on appeal may be substituted in the Superior Court for one *insufficient in form* filed with the justice, is not a question which the exigencies of this case demand of us to decide.

The demurrer to the petition must be overruled, and it is so ordered.

And inasmuch as, by stipulation between counsel, it was so agreed in case the demurrer should be overruled, it is ordered, and adjudged, that all proceedings in said Superior Court of Alameda County in the action of *T. H. Isaacs* v. *Samuel Mc-Conky* be arrested, and that the said Superior Court, and the Judge thereof, do desist and refrain from any and all further proceedings in the aforesaid action.

Ross, J., and McKee, J., concurred.