[Filed April 26, 1886.]

# M. O'KEEFE v. EMIL WEBER ET AL.

CUMULATIVE DAMAGES—REMEDIAL STATUTE.—A statute giving cumulative damages to the party aggrieved is remedial, not a criminal statute ; the action given by section 3 of "An act to prevent and punish gambling," approved Oct. 20, 1876, is therefore a strictly civil action.

CONSTITUTIONAL LAW—TITLE OF ACT—CIVIL AND CRIMINAL PROVISIONS.— The title of the act "to prevent and punish gambling," is broad enough to comprehend the provisions of said section 3, giving a remedy by civil action for double the value of the money or thing lost. There is no legal objection to the mingling civil and criminal provisions in the same act.

MULTNOMAH COUNTY. Defendants appeal. Affirmed.

*F. A. E. Starr*, for Appellants.

*A. H. Tanner*, for Respondent.

This action was brought under " An act to prevent and punish gambling," approved October 20, 1876, to recover money lost at gaming. Section 1 of the act provides for the punishment, by fine, of " each and every person who shall deal, play, carry on, open, or cause to be opened, or who shall conduct either as owner, proprietor, or employee, whether for hire or not, any game of faro, monte, roulette, rouge et noir, lansquenette, rondo, vingt-un (or twenty-one), poker, draw poker, brag, bluff, thaw, or any banking or other game played with cards, dice, or any other device, whether the same be played for money, checks, credit, or any other representative of value."

"Sec. 3. All persons losing money, or anything of value, at or on any of said games, shall have a cause of action to recover from the dealer or player winning the same, or proprietor for whose benefit such game was played or dealt, or such money or thing of value won, twice the amount of the money, or double the value of the thing so lost."

A statute giving cumulative damages to the party aggrieved is a remedial, not a penal, statute. *Reed* v. *Northfield*, 13 Pick. 94, was an action on a statute to recover double damages for an injury to the plaintiff caused by a defect in a highway. It was argued that the action was penal ; but the court

said : "In the present case we-think the action is purely reme-
dial, and has none of the characteristics of a criminal prose-
cution.   All damages for negligence or breach of duty operate
to a certain extent as punishment; but the doctrine is that it
is prosecuted for the purpose of punishment, and to deter oth-
ers from offending in like manner.   Here the plaintiff sets out
the liability of the town to repair, and an injury to himself
from a failure to perform that duty.   The law gives him en-
hanced damages, but still they are recoverable to his own use,
and in form and substance the suit calls for indemnity." (And
see *Goodridge* v. *Rogers*, 22 Pick. 495 ; *Burnett* v. *Ward*, 42
Vt. 80; *Quimby* v. *Carter*, 20 Me. 218.)   Where a sum is giv-
en to a stranger, as where it is given to him that shall prose-
cute, the action is penal.   (*Cole* v. *Groves*, 134 Mass. 471.)
" The action is remedial where the action is brought by the
party injured, but penal where brought by a common inform-
er."   (*Bones* v. *Booth*, 2 W. Bl. 1227 ; *Woodgate* v. *Knatch-
bull*, 2 Tenn. R. 148 ; *Wilkinson* v. *Collrey*, 5 Burr. 2698.)
There is no difference respecting its remedial character, be-
tween a statute giving single and one giving accumulative
damages. (Cases above, and see *Middleton* v. *Wynn*, Willes,
597 ; *Atcheson* v. *Everett*, Cowp. 391 ; *Lake* v. *Smith*, 1 Bos.
& P. 179 ; Cas. Temp. Hard. 412.)

The action given by the third section of the act is, therefore,
a strictly civil action.   Is it without the subject expressed in
the title ?   We had an impression at the argument that civil
and criminal provisions could not be mingled under a common
title, but the law is undoubtedly the other way.

The Statute of 9 Anne, Chap. 14, referred to by Comstock,
J., *Meech* v. *Stoner*, 19 N. Y. 26, was entitled "An act for
the better preventing excessive and deceitful gaming," and was
similar to the one before us in containing civil and criminal
provisions.   The second section gave an action to recover the
money lost.   It is true C. J. Holt had said, a few years be-
fore, that " the title of an act of parliament is no part of the
law or enactment part, no more than the title of a book is part
of the book; for the title is not the law, but the name or de-

scription given to it by the makers." (*Mills* v. *Wilkins*, 6 Mod. 62.) We think, however, that at this period we are entitled to rely on the statement of the chief justice, that the title was the work of the makers of the act; and that we may to some extent infer that they supposed they were carrying out the object avowed in the title, when, in the second section of the act, they gave the loser an action to recover the money lost—an action which, as Mr. Justice Comstock showed in *Meech* v. *Stoner*, above, he had not at common law.

In a general sense all law is preventive. An act to prevent gambling is the same in legal effect as an act to prevent and punish gambling. The legislator can hardly be supposed to interest himself in the fortunes of one who loses money at gambling. His object must be simply to repress gambling. This is one of the means by which he tries to accomplish his object. That it will have that effect, so far as it has effect at all, is certain. Then it cannot be said that he has not expressed the subject of the act in the title.

In *Simpson* v. *Bailey*, 3 Or. 517, change in the location of the county seat was the subject of the enactment, and there was nothing in the act which did not relate strictly to this subject. (See also, *Stuart* v. *Kinsella*, 14 Minn. 524; *Brewster* v. *City of Syracuse*, 19 N. Y. 116; *Ex parte Upshaw*, 45 Ala. 234; *Thomasson* v. *The State*, 15 Ind. 449–456, where both civil and criminal provisions were included in one act; *Walker* v. *State*, 49 Ala. 332.)

The authorities cited cover other points made by counsel, and all we conceive they require us particularly to consider. It follows that the judgment must be affirmed.

[Filed Oct. 28, 1886, on rehearing.]

LORD, C. J., Concurring.—The opinion of the court, as delivered by the chief justice, in effect holds and decides that a statute may include both civil and penal provisions, and that section 3 of the act in question is not penal, but remedial. Nor do we understand that the correctness of the law as applied is impugned or denied. It is only claimed that one point

suggested at the former hearing, and which seems to be regarded as of vital importance, has been overlooked. This is, that the title of the act does not indicate the subject matter of the statute as contained in the third section. The act is entitled, "An act to prevent and punish gambling"; and section 3 of the act provides that the loser shall have a cause of action against the dealer or proprietor, etc., for the recovery of twice the amount of money, or double the value of the thing lost. The argument is, that the enforcement of this section by civil action cannot have the effect to prevent gambling, any more than the enforcement of any other civil action will have a preventive effect, in respect to the matter or cause out of which it arose, as this result can only be accomplished through the agency of penal clauses with which this statute is provided, and consequently the subject matter of the section is not within the title of the act. Evidently, the legislature thought otherwise, for their intention seems manifest. What could be the object of giving to a party injured a right of action against him by whom it was committed, where it did not before exist, and allowing him to recover twice the amount, or double the value, in compensation for such injury, unless it be to mark with legislative condemnation the creation of such liabilities, and to warn and deter others from incurring them? Is not the object in such case more manifest than in actions for breach of promise of marriage, where the jury are authorized by law to give exemplary or punitive damages, to warn and deter others from the violation of their promise? It seems to us there can be but one answer as to the object of such legislation—that it is designed to be preventive, and that it is such in effect. The section, therefore, is germane to the title, and the title of the act fairly attracts attention to the subject matter of the statute, including the third section. A court will never resort to a forced construction to declare a statute void on the ground that the subject is not expressed in the title. There was no error.