[L. A. No. 2071. In Bank.—August 6, 1907.]

E. E. JONES, Petitioner, v. SUPERIOR COURT OF KERN COUNTY et al., Respondents.

JUSTICE'S COURT—APPEAL—SUFFICIENCY OF UNDERTAKING.—Under section 978 of the Code of Civil Procedure, providing that an undertaking on appeal from a justice's court must be "in the sum of one hundred dollars for the payment of the costs on appeal; or, if a stay of proceedings be claimed, in a sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money," an undertaking on appeal from a money judgment, in an adequate amount, and conditioned that the appellant "will pay the amount of the said judgment so appealed from and all costs, if the appeal is withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against it in the action in the superior court," is sufficient. The expression "all costs," as used in such undertaking, includes the costs on appeal.

APPLICATION for a Writ of Prohibition to the Superior Court of Kern County and to J. W. Mahon, Judge

The facts are stated in the opinion of the court.

William W. Kaye, for Petitioner.

George E. Whitaker, and H. M. Barstow, *Amicus Curiæ,* for Respondents.

McFARLAND, J.—This is an application originally filed in the district court of appeal, second appellate district, for a writ of prohibition to restrain and prohibit the superior court of Kern County from proceeding with the trial of a cause pending therein entitled Kern Valley Bank *v.* E. E. Jones. All of the justices of the said district court were not able to concur in a judgment, and the case was transferred to this court. The said Kern Valley Bank brought an action in the justice's court against the petitioner herein, E. E. Jones, to recover of the latter a money judgment, and Jones answered and demanded judgment against the bank, and after trial judgment was rendered in favor of the defendant, Jones, for $190.76, and from this judgment the bank appealed to the superior court. Jones moved to dismiss the appeal upon the sole ground that no undertaking for the payment of costs had been given. The superior court denied the motion to dismiss, whereupon Jones commenced this present proceeding to prohibit the superior court from trying the case.

The law governing the matter of undertakings on appeal from a justice's court to a superior court is found in section 978 of the Code of Civil Procedure, and that part of it which is material is as follows: "An appeal from a justice's or police court is not effectual for any purpose, unless an undertaking be filed with two or more sureties in the sum of one hundred dollars for the payment of the costs on appeal; or, if a stay of proceedings be claimed, in a sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money"; etc.

In the instrument filed by the respondent as an undertaking on appeal the judgment in the justice's court is fully recited. It is then stated that "the said plaintiff, Kern Valley Bank, is dissatisfied with said judgment and is desirous of appealing therefrom to the superior court of Kern County, state of California, and pending such appeal, claims a stay of proceedings

and is desirous of staying the execution of the said judgment so rendered as aforesaid''; then the instrument states that ''in consideration of the premises, of such appeal and of such stay of proceedings and execution, all as aforesaid,'' the two sureties bind themselves jointly and severally and undertake in the sum of five hundred dollars, ''and promise on the part of said appellant that the said appellant will pay the amount of the said judgment so appealed from and all costs, if the appeal is withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against it in the action in the said superior court.''

We think that this instrument is a sufficiently clear undertaking to pay the costs on appeal. It provides that if the appeal be withdrawn or dismissed the sureties will pay the judgment appealed from ''and all costs,'' or the amount of any judgment and ''all costs which may be recovered against appellant in the action in the superior court.'' It is somewhat difficult to imagine what ''costs'' are alluded to in the undertaking, unless costs on appeal be intended, for the costs incurred at the trial in the justice's court had become inserted in and were a part of the judgment, and were therefore included in the promise to pay the ''judgment.'' However, it is quite clear that ''all costs'' include costs on appeal; and if in the case at bar the appeal should be withdrawn or dismissed, or a judgment should be rendered against appellant in the superior court, the sureties on the said undertaking are in either event liable for any costs that accrued on the appeal. There is no valid objection to the form of the undertaking; if it provide for the costs on appeal, it matters not that it also provides in the same instrument for a stay of proceedings. If after the words ''all costs'' there had been inserted the words ''on appeal'' no one would have objected to the form or sufficiency of the instrument as an undertaking on appeal; but if, as we hold, ''all costs'' as used in the instrument includes costs on appeal, then the undertaking is as effectual as if the words ''on appeal'' had been used. It is quite evident from the face of the instrument that it was intended to be an undertaking on appeal as well as for a stay, and the penal sum is more than twice the amount of the judgment, and the hundred dollars in addition.

We do not think that the above view is in conflict with any former decisions of this court cited by petitioner. The case mainly relied on is *McConky* v. *Superior Court,* 56 Cal. 83. But in that case the appellant contended that an undertaking for costs on appeal need not be given at all where there was an undertaking for a stay of proceedings, because in section 978, after the provision for the hundred-dollar undertaking, the word "or" is used; and the only point decided in the McConky case is that the word "or" as there used must be considered to mean "and"; so that even where there is an undertaking for a stay there must also be an undertaking for costs on appeal. But in the McConky case the undertaking there given does not appear in the record, and it was assumed that it did not contain any covenant which was the equivalent of a promise to pay the costs on appeal; and the case is therefore not authority on the point here under discussion.

The views above expressed make it unnecessary to consider other points made by respondent.

The application for the writ is denied and the proceeding is dismissed

Lorigan, J., Shaw, J., Angellotti, J., Sloss, J., Henshaw, J., and Beatty, C. J., concurred.