[S. F. No. 5858. In Bank.—April 28, 1911.]

GEORGE EDWARDS et al., Petitioners, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF ALAMEDA et al., Respondents.

JUSTICE'S COURT—APPEAL—ERRONEOUS DISMISSAL—VACATING ORDER OF DISMISSAL.—When an appeal from the justice's to the superior court has been duly perfected and diligently prosecuted, a dismissal of such appeal is in effect nothing more nor less than an attempted abdication of a jurisdiction which the court in every proper case is bound to exercise. Where such appeal is erroneously dismissed, the superior court has jurisdiction to vacate the order of dismissal.

ID.—JURISDICTION—UNDERTAKING ON APPEAL—PAYMENT OF COSTS—STAY OF EXECUTION.—Under section 978 of the Code of Civil Procedure, an undertaking on appeal from the justice's court from a judgment for the payment of money, in the sum of more than one hundred dollars, and conditioned for the payment of the costs on the appeal, is sufficient to confer jurisdiction on the superior court, notwithstanding it also purports to be given to stay execution.

APPLICATION for a Writ of Mandate directed to the Superior Court of Alameda County.   John Ellsworth, Judge.

The facts are stated in the opinion of the court.

A. F. St. Sure, and J. Leonard Rose, for Petitioners.

BEATTY, C. J.—Prohibition.   The petitioners recovered a money judgment in a justice's court for $82.70.   Defendant therein gave notice of appeal to the superior court, and in due time filed the following undertaking:—

"In the Justice's Court of Oakland Township, County of Alameda, State of California.

"George Edwards, Noel Stone and John Kleis,

　　　　　　　"Plaintiffs,

　　　　vs.

"F. E. Miller,

　　　　　　　"Defendant.

"Know all men by these presents that we, F. E. Miller, principal and J. Russo and B. Ciancuarulo sureties, are held and firmly bound unto George Edwards, Noel Stone and John Kleis, in the sum of one hundred & sixty-five & 40/100 dollars, lawful money of the United States of America, being double the amount of the judgment and cost mentioned herein, to be paid to the said George Edwards, Noel Stone and John Kleis, their executors, administrators, or assigns, for which payment, well and truly to be made, we bind ourselves, our and each of our heirs, executors, and administrators, jointly and severally, firmly by these presents.

"Signed with our hands, sealed and dated this 2nd day of November, 1909.

"The condition of the above undertaking is such, that whereas the said Edwards, Noel Stone and John Kleis obtained a judgment against the said F. E. Miller, before James G. Quinn, justice of the peace of Oakland Township, in and for the county of Alameda, state of California, on the 25th day of October, 1909, for $73.20, principal sum, and for $9.50/100 dollars costs; and whereas the above bounden F. E. Miller is desirous of appealing from the decision of said justice to the

superior court in and for the county of Alameda, and a stay of proceedings is claimed. Now, if the above-bounden shall well and truly pay or cause to be paid, the amount of the said judgment and all costs, and obey any order the said superior court may make therein, if the said appeal be withdrawn or dismissed, or pay the amount of any judgment and all the costs that may be recovered against the said appellant in the said superior court, and obey any order the said court may make therein, then this obligation to be null and void; otherwise to remain in full force and virtue.

"F. E. Miller,

"J. Russo,

"B. Cianciarulo."

The petitioners moved to dismiss the appeal upon the ground that this undertaking was insufficient to comply with the requirements of section 978 of the Code of Civil Procedure, as construed in *McConky* v. *Superior Court*, 56 Cal. 83. The motion to dismiss was granted, but subsequently, on motion of the appellant, that order was vacated, and the appeal placed upon the calendar of the superior court, wherein it will be heard and determined unless a writ of prohibition is granted.

Petitioners base their application for the writ upon two grounds :—

First. That the order of dismissal was a final disposition of the cause—divesting the superior court of any power to revive it or resume any jurisdiction over it, and this notwithstanding its jurisdiction at the time of the order of dismissal may have been clear and indisputable.

Second. That by reason of the defects of the undertaking, the superior court never acquired jurisdiction of the appeal.

As to the first objection it need only be said that when according to the uncontroverted facts it appears that an appeal to the superior court has been duly perfected and diligently prosecuted, a dismissal of such appeal is in effect nothing more nor less than an attempted abdication of a jurisdiction which the court is bound in every proper case to exercise. It is, in other words, a refusal to decide a cause which it is the plain statutory duty of the court to decide, the remedy for which dereliction is the writ of mandate. But if in such case the superior court discovers its mistake, it is not bound to wait for a peremptory writ of mandate, commanding it to do what it is

its duty to do—what, indeed, it could not otherwise be commanded to do. Evidently in this case the judge of the superior court concluded that he had refused to exercise his jurisdiction in a proper case, and that the order of dismissal was a nullity. If he was right on the first point we have no doubt of the correctness of his conclusion as to the nullity of the order, and the only question left for consideration is the sufficiency of the undertaking to give the superior court jurisdiction of the appeal.

The latest decision of this court upon that point (*Jones* v. *Superior Court,* 151 Cal. 589, [91 Pac. 505]), is a conclusive affirmance of the sufficiency of the undertaking under section 978 of the Code of Civil Procedure. It may be doubted whether the decision in that case successfully distinguishes the case of *McConky* v. *Superior Court,* 56 Cal. 83, in which section 978 appears to have been differently construed, but if that case was not distinguishable it was certainly overruled,— and I have no doubt properly overruled—for the construction there given to section 978 was only reached by disregarding the express terms of the statute, i. e., by the substitution of the word "or" for "and" with the effect of requiring two undertakings each containing the same condition, where one was amply sufficient for every conceivable purpose—and that in a class of actions where simplicity of procedure and economy are a most important *desideratum.*

The decisions in *Duffy* v. *Greenebaum,* 72 Cal. 157, [12 Pac. 74, 13 Pac. 323], and *Duncan* v. *Times-Mirror Co.,* 109 Cal. 602, [42 Pac. 147], and in other cases involving the sufficiency of undertakings on appeal to this court, are not in point. The sufficiency of such undertakings depended upon compliance with the provisions of section 940 et seq. of the Code of Civil Procedure, which in express terms required, at the date of those decisions, a separate undertaking on appeal, and they simply followed the law as it was written; whereas, in *McConky* v. *Superior Court,* section 978 of the Code of Civil Procedure, which by its terms required but one bond, was held—if such was the decision—to require two—an unnecessary, and in its results a mischievous construction. By the more recent decisions of this court (*Jones* v. *Superior Court,* 151 Cal. 589, [91 Pac. 505], *Laws* v. *Trout,* 147 Cal. 172, [81 Pac. 401], and *Swem* v. *Monroe,* 148 Cal. 741, 83 Pac. 1074]) it is settled that an under-

taking in not less than one hundred dollars, or a deposit of that amount, will support an appeal from a justice's court to the superior court, and that when a judgment for money equals or exceeds the sum of fifty dollars, an undertaking in double the amount of the judgment will equally support the appeal—notwithstanding a recital that a stay of proceedings is desired. Whether it will also operate as a stay-bond in that case has not been expressly held, but that seems to be the logical result of what has been decided.

The writ of prohibition is denied.

### SPECIAL CONCURRENCE.

We concur in the order denying a writ, on the ground that the bond is sufficient to confer jurisdiction on the superior court. The undertaking is in more than the sum of one hundred dollars, and is conditioned for the payment of the costs on the appeal. It thus contains all that is required by section 978 of the Code of Civil Procedure, to make the appeal effectual. Its validity as an appeal-bond is not destroyed by the fact that it also purports to be given to stay execution. (*Ward* v. *Superior Court,* 58 Cal. 519; *Jones* v. *Superior Court,* 151 Cal. 589, [91 Pac. 505].) Whether or not it is effectual to operate as a stay-bond is not here involved. We express no opinion on this point, nor do we think it necessary for the decision of this case to question the correctness of *McConkey* v. *Superior Court,* 56 Cal. 83.

SLOSS, J.
LORIGAN, J.
ANGELLOTTI, J.
SHAW, J.
MELVIN, J.
HENSHAW, J.

[Filed April 29, 1911.]

BEATTY, C. J.—In view of what is said in the concurring opinion of my associates, I desire to say with respect to the case of *Ward* v. *Superior Court,* 58 Cal. 519, that it is a very doubtful inference from the report that the undertaking in that case was, or purported to be, intended, to stay execution, while in the McConkey case the implication is very clear that

the undertaking was intended to stay execution and was held insufficient to support the appeal for that reason. But whether this is so or not, one thing at least is clear: that it was held in the McConkey case that where a stay of execution was desired there must be two distinct undertakings, one for the stay and another to perfect the appeal, and that this construction of the statute required the word "or" to be read "and"—a view plainly necessary to sustain that conclusion. Now if section 978 of the Code of Civil Procedure is to be so read, the law governing appeals to the superior court cannot be distinguished from the law governing appeals to this court (Code Civ. Proc., secs. 940, 941, 942) and if the law is the same in both cases I confess my inability to reconcile the decision in *Jones* v. *Superior Court*, 151 Cal. 589, [91 Pac. 505], [upon the authority of which this case is decided] with the decisions in *Duffy* v. *Greenebaum*, 72 Cal. 157, [12 Pac. 74, 13 Pac. 323], and *Duncan* v. *Times-Mirror Co.*, 109 Cal. 602, [42 Pac. 147], in which it was plainly decided that the insertion in a stay-bond of the condition required in an appeal-bond is ineffectual to support the appeal. If the views here expressed are correct, it must follow either that the McConkey case was overruled by the decision in *Jones* v. *Superior Court*, or else that under the same statutory provisions we will (the undertakings being the same) dismiss an appeal to this court, and sustain an appeal to the superior court.

I think I am safe in adding that ever since the decision in *Duffy* v. *Greenebaum*, the superior courts throughout the state had understood the law to be that they were without jurisdiction to hear an appeal from a justice's court, unless there was a separate undertaking—distinct from the stay bond—to pay costs—and that numerous appeals have been dismissed in which parties have filed undertakings, such as that which was held sufficient to support the appeal in *Jones* v. *Superior Court*. And I have no doubt that the first order of the superior court dismissing the appeal in this case was made in obedience to those earlier decisions, and set aside when attention was called to the latter.