[Civil No. 1251.   Filed May 2, 1912.]

[123 Pac. 305.]

CATHERINE BOLEN, DAVID JOHN BOLEN, WILLIAM H. BOLEN, FREDERICK C. BOLEN and MARY J. WILSON, Petitioners, v. THE SUPERIOR COURT OF PIMA COUNTY, STATE OF ARIZONA, and HON. W. F. COOPER, Superior Judge of Said Court, Respondent.

1. COURTS—PROBATE COURTS—PERFECTING APPEAL—FILING AFFIDAVIT. Under Civil Code of 1901, paragraphs 1948–1951, which provides that, where a party is unable to give an appeal bond on appeal from the probate court, it is sufficient if he file with the probate clerk an affidavit in lieu of an appeal bond that, upon the filing of such affidavit, the probate clerk shall transmit a certified transcript of the papers to the clerk of the district court, together with the affidavit, and that the clerk of the district court shall enter the

case upon the court's docket, the appeal is perfected by filing the affidavit in lieu of bond; the filing of a certified transcript of the papers in the clerk's office being merely a step in the prosecution of the appeal.

2. MANDAMUS—ACTS OF JUDICIAL OFFICERS—ENTERTAINING APPEAL.— Where an appeal in the district court from an order of the probate court has been perfected by the filing of an affidavit in lieu of an appeal bond, as provided by statute, and where by force of the constitution the superior courts have *ipso facto* acquired jurisdiction of all the records and proceedings of the probate and district courts, *mandamus* will lie against a judge of the superior court to require him to enter the appeal, since the superior court cannot divest itself of its manifest jurisdiction.

Original application for *mandamus.* Writ issued as to appeal of Frederick C. Bolen only.

The facts are stated in the opinion.

Mr. Owen T. Rouse, for Petitioners.

Mr. W. H. Sawtelle and Mr. W. M. Lovell, for Respondent.

FRANKLIN, C. J.—This is an application for a peremptory writ of mandate requiring the superior court of the state of Arizona in and for Pima county, and W. F. Cooper, as judge thereof, to enter an appeal taken in the matter of the estate of D. J. Bolen, deceased, upon the civil docket of the said superior court, to be called and disposed of in its regular order. An alternative writ was issued out of this court and made returnable on the twenty-sixth day of April, 1912, and on the day specified therein the respondent appeared by his counsel and made his return to the writ. The petitioners appeared by their counsel and demurred to the return on the ground that the facts therein set forth were not sufficient in law to constitute a return to the alternative writ.

It appears from the petition that prior to the admission of Arizona as a state there was pending in the probate court of Pima county the matter of the estate of D. J. Bolen, deceased, in process of administration. That on January 5, 1912, a decree of distribution was made and filed in the matter of said estate, and on January 17, 1912, Frederick C.

Bolen, one of the above-named petitioners, considering himself aggrieved by the decree of distribution, filed an affidavit in lieu of bond on appeal, as provided in paragraph 1948 of the Revised Statutes of Arizona of 1901, but took no action to have a certified transcript of the papers and proceedings relating to the decision or order made and transmitted to the clerk of the district court. The matter thus stood upon the fourteenth day of February, 1912, the date of the admission of Arizona as a state. On April 6, 1912, Frederick C. Bolen for himself and on behalf of Catherine Bolen, David John Bolen, William H. Bolen, and Mary J. Wilson petitioned the superior court of the state of Arizona in and for Pima county, and W. F. Cooper, judge of said court, to docket an appeal from the probate court of Pima county in the matter of the estate of D. J. Bolen, deceased. The judge of that court denied the petition without assigning any reason, but evidently because in his opinion that court had no jurisdiction of the matter. The respondent in his return, it may be briefly stated, presents two reasons why the peremptory writ should not issue:

1. That no appeal was pending for the reason that the attempted appeal was not perfected by filing the affidavit in lieu of the bond as provided in paragraph 1948 of the Revised Statutes of Arizona of 1901 (Civil Code), but that, in order to perfect the appeal, it was incumbent upon the petitioners to cause a certified transcript of the papers and proceedings relating to the decision or order appealed from to be transmitted to the clerk of the district court, together with the appeal bond or affidavit in lieu thereof on or before the first day of the next term of such court.

2. That, conceding the appeal was perfected by Frederick C. Bolen, he was not a party aggrieved, and could not be heard on appeal, for the reason that he had parted with all his interest in said estate before the order or decision appealed from was made, and the respondent exhibits in his return a copy of a bargain and sale deed of all his interest, real and personal, in said estate to substantiate his contention.

The provisions of the Revised Statutes of Arizona of 1901 that affect the matter under consideration are as follows:

"1948. (Sec. 740.) When the party who desires to appeal is unable to give the appeal bond, it shall be sufficient

XIV Ariz.—3

if he file with the probate clerk, within the time prescribed for giving such bond, an affidavit in writing that he has made diligent efforts to give such bond, and is unable to do so by reason of his poverty and such affidavit shall operate a perfection of the appeal in respect to the matter of costs.

"1949. (Sec. 741.) Upon such appeal bond or affidavit being filed in the probate clerk's office, it shall be his duty immediately to make out a certified transcript of the papers and proceedings relating to the decision, order, judgment or decree, and transmit the same to the clerk of the district court, together with the appeal bond, or affidavit that has been made in lieu of such bond, on or before the first day of the next term of such court.

"1950. (Sec. 742.) In case the clerk of the probate court shall be unable for want of time to make out such transcript before the first day of the next term of the district court of the county after such appeal is taken, then such transcript shall be transmitted to the next succeeding term of such district court.

"1951. (Sec. 743.) When the transcript and appeal bond or affidavit have been received by the clerk of the district court, he shall file and number the same, and enter the case upon the civil docket of such court to be called and disposed of in its regular order."

From the foregoing provisions of the law relating to appeals from the probate courts to the district courts, it is quite apparent that an appeal is perfected by filing a bond or in lieu thereof, the affidavit required by the statute. That the filing in the clerk's office of a certified transcript of the papers and proceedings relating to the decision or order appealed from is a step in the prosecution of the appeal, and not a step in the perfection of the appeal. This must be so, for a party is allowed twenty days after any order or judgment of the probate court in which to take an appeal, and this is done by filing the bond or affidavit in lieu of the bond. But the certified transcript of the papers and proceedings is not required to be filed in the office of the clerk of the district court until on or before the first day of the next term of such court. It is true that if the territorial *status* had maintained and the party appealing failed to cause the certified transcript to be filed in the clerk's office within the time prescribed by law, upon a proper show-

ing, the appeal might have been dismissed for want of prosecution. But under the constitution, on the admission of the territory to statehood, the superior courts *ipso facto* acquired jurisdiction of all the records and proceedings of the district courts and probate courts. It would be requiring an impossible thing to be done to hold that the clerk of the probate court must make out a certified transcript because there is no probate clerk, and it would be a useless thing to require the clerk of the superior court to make such certified transcript for the superior court because by operation of law all the original papers and proceedings of the probate court are now within the jurisdiction of the superior court.

Upon the second cause assigned by the respondent why the writ should not issue, we do not deem it the province of this court to determine in this proceeding. If the appeal were pending in the supreme court, it would be proper for us to consider whether the party appealing had any standing in this court by reason of having parted with his interest in the subject matter of the appeal. But the appeal is pending in the superior court, and we think that all matters affecting the appeal must first be disposed of by the lower court. The reason assigned by the judge of the superior court for declining to proceed in the matter before it is insufficient in law to constitute a return to the alternative writ. The demurrer to the return is sustained.

In such a case as this *mandamus* is the proper remedy, and the court cannot divest itself of jurisdiction, where its jurisdiction is manifest, by simply holding that it has no jurisdiction.

Only one of the petitioners, Frederick C. Bolen, having perfected his appeal, we hold that his appeal from the probate court of Pima county, in the matter of the estate of D. J. Bolen, deceased, is pending in the superior court of the state of Arizona, in and for Pima county, to be called and disposed of in its regular order.

Let the peremptory writ issue as to the appeal of Frederick C. Bolen only.

CUNNINGHAM and ROSS, JJ., concur.

NOTE.—As to *mandamus* against judicial officers and tribunals, see note in 98 Am. St. Rep. 890.