[Civ. No. 1595.   Third Appellate District.—October 14, 1916.]

E. F. RICH et al., Petitioners, v. SUPERIOR COURT OF MENDOCINO COUNTY et al., Respondents.

JUSTICE'S COURT—APPEAL—SUFFICIENCY ·OF UNDERTAKING.—An undertaking on appeal from the justice's court from a judgment for the payment of money in a sum equal to twice the amount of the judgment and costs (an amount in excess of one hundred dollars), and conditioned that if proceedings be stayed the appellant will pay the amount of the judgment appealed from, and all costs if the appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against him in the action in the superior court, is sufficient, under section 978 of the Code of Civil Procedure, as an undertaking for the payment of costs on the appeal and to ·give the superior court jurisdiction of the appeal, regardless of its sufficiency as an undertaking to stay execution.

ID.—DISMISSAL OF APPEAL—INSUFFICIENCY OF UNDERTAKING—JURISDICTION OF SUPERIOR COURT.—The superior court has jurisdiction to hear and determine a motion to dismiss an appeal taken thereto from the justice's court on the ground that a sufficient undertaking had not been filed.

81 Cal. App.—44

ID.—JURISDICTION—MEANING OF RULE.—The rule that when a court once obtains jurisdiction of the subject matter of an action, it then has jurisdiction to decide a question arising therein erroneously as well as correctly, has no application to a case where the very question to be determined is whether the court has the legal authority to hear and determine the matter before it. The rule simply means that when the court has jurisdiction of the subject matter of the action, and makes error during the course of the trial or in its final decision, such error is correctible, not through a jurisdictional writ, but solely by appeal.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Third Appellate District to secure an annulment of an order dismissing a justice's court appeal.

The facts are stated in the opinion of the court.

Charles Kasch, for Petitioners.

Frank W. Taft, for Respondents.

HART, J.—One Harvey Carlton, on the twenty-first day of June, 1916, recovered judgment against the petitioners in the justice's court of Little Lake Township, in the county of Mendocino, for the sum of $115.35, together with costs of suit, taxed at $8.75. Thereafter, and within the time allowed by law, the petitioners appealed from said judgment to the superior court, in and for the county of Mendocino, said appeal being upon questions of both law and fact. The petitioners, in due time, filed the following undertaking:

"Whereas, on the 21st day of June, A. D. 1916, a judgment was entered in said justice's court against defendant in favor of plaintiff, for one hundred and fifteen and 35/100 dollars and costs.

"Defendant has appealed from said judgment to the Superior Court of the County of Mendocino; and he wants proceedings stayed pending appeal. Now the undersigned jointly and severally undertake in the sum of two hundred and forty-eight and 70/100 dollars, that if proceedings be stayed appellant will pay the amount of the judgment appealed from, and will pay all costs if the appeal be withdrawn or dismissed, or the amount of any judgment and all costs that

may be recovered against him in action in the Superior Court, and will obey any order made by the Court therein.

"Dated this 26th day of June, A. D. 1916.

                    "E. F. RICH.
                    "GERTRUDE RICH.
                    "J. D. BARNWELL.
                    "LOUIS BILODEAU."

Thereafter the respondent noticed a motion to dismiss the said appeal on the ground that no appeal bond, or deposit in lieu thereof, had been filed for the purposes of the appeal and that the superior court, therefore, had failed to acquire jurisdiction of said appeal. Said motion came on for hearing and was heard on the twenty-first day of August, 1916, and on the twenty-eighth day of August, 1916, the respondents herein made and entered an order dismissing said appeal on the ground set forth in the notice of motion and above stated.

The petitioners claim that the undertaking filed by them and above quoted herein was and is legally sufficient to support the appeal, and that therefore the respondents, in ordering the appeal dismissed, exceeded their jurisdiction.

The proceeding here is for a writ of review to secure an annulment of the order dismissing said appeal.

Section 978 of the Code of Civil Procedure provides that "an appeal from a justice's or police court is not effectual for any purpose, unless an undertaking be filed with two or more sureties in the sum of one hundred dollars for the payment of the costs on the appeal." The same section provides that, if a stay of proceedings be claimed, there shall be filed a like undertaking, "in a sum equal to twice the amount of the judgment, including costs, when the judgment is for the payment of money," etc.

The undertaking in the case involved herein, it will be observed, is for a sum equal to twice the amount of the judgment and the costs, and while it is possible that its sole purpose might have been to effect a stay of proceedings, it obligates the sureties to pay all costs which may accrue by reason of the appeal, if the same be withdrawn or dismissed, or to pay "the amount of any judgment and all costs that may be recovered against him in the action in the superior court," and to "obey any order made by the court therein."

It is clear that the sureties, by their undertaking, bound themselves to pay the costs on appeal, and the bond, being in

an amount in excess of one hundred dollars, is in all respects sufficient for that purpose. Whether it was also sufficient to stay proceedings, is wholly immaterial, so far as the appeal is concerned. To perfect his appeal, the statute makes it indispensably necessary for the appealing party to file an undertaking in the sum of one hundred dollars for the payment of the costs on appeal, and when this is done, the court to which the appeal is taken acquires jurisdiction thereof, and obviously cannot be divested of such jurisdiction by the mere failure of the appellant to file a stay bond. Nor is its validity as an appeal bond destroyed by the fact that it also purports to be given to stay execution. (*Edwards* v. *Superior Court,* 159 Cal. 710, 714, [115 Pac. 649]; *Ward* v. *Superior Court,* 58 Cal. 519; *Jones* v. *Superior Court,* 151 Cal. 589, [91 Pac. 505].)

The undertaking in the case of *Edwards* v. *Superior Court,* 159 Cal. 710, [115 Pac. 649], contained the following condition, between which and the condition of the undertaking herein involved it will readily be perceived no substantial difference exists:

"The condition of the above undertaking is such that the said Edwards et als. obtained judgment, before James G. Quinn, Justice of the Peace of Oakland Township, in and for the County of Alameda, State of California, on the 25th day of October, 1909, for $73.20, principal sum, and for $9.50 costs; and whereas the above bounden F. E. Miller (defendant and appellant) is desirous of appealing from the decision of said justice to the Superior Court in and for the County of Alameda, and a stay of proceedings is claimed. Now, if the above-bounden shall well and truly pay or cause to be paid the amount of the said judgment and all costs, and obey any order the said Superior Court may make therein, if the said appeal be withdrawn or dismissed, or pay the amount of any judgment and all the costs that may be recovered against the said appellant in the said superior court, and obey any order the said court may make therein, then this obligation to be null and void; otherwise to remain in full force and virtue."

Chief Justice Beatty, who prepared the main opinion in that case, among other things, said: "The latest decision of this court upon that point (*Jones* v. *Superior Court,* 151 Cal. 589, [91 Pac. 505]), is a conclusive affirmance of the sufficiency of the undertaking under section 978 of the Code of

Civil Procedure. It may be doubted whether the decision in that case successfully distinguishes the case of *McConky* v. *Superior Court,* 56 Cal. 83, in which section 978 appears to have been differently construed, but if that case was not distinguishable it was certainly overruled—and I have no doubt properly overruled—for the construction there given to section 978 was only reached by disregarding the express terms of the statute, i. e., by the substitution of the word 'or' for 'and' with the effect of requiring two undertakings, each containing the same condition, where one was amply sufficient for every conceivable purpose—and that in a class of actions where simplicity of procedure and economy are a most important *desideratum.*"

In a concurring opinion, the other members of the court said:

"We concur in the order denying a writ on the ground that the bond is sufficient to confer jurisdiction on the superior court. The undertaking is in more than the sum of one hundred dollars, and is conditioned for the payment of the costs on the appeal. It thus contains all that is required by section 978 of the Code of Civil Procedure, to make the appeal effectual. . . . Whether or not it is effectual to operate as a stay bond is not here involved. We express no opinion on this point, nor do we think it necessary for the decision of this case to question the correctness of *McConky* v. *Superior Court,* 56 Cal. 83."

The Edwards' case "is a conclusive affirmance of the sufficiency of the undertaking" in "the present case," under section 978 of the Code of Civil Procedure, as a bond for the payment of costs on appeal.

The learned counsel for the respondents argue, however: "It is elementary that, if a court has jurisdiction to decide a question correctly, it also has jurisdiction to decide it incorrectly, and to hold that a court exceeds its jurisdiction in granting a motion to dismiss would compel us to hold that it exceeds its jurisdiction in denying such motion. Therefore, a rule which holds that the superior court exceeds its jurisdiction in either granting or denying a motion must, perforce, hold that the superior court cannot pass upon a motion at all. A litigant could, under such a rule, appeal to the superior court without filing any bond whatever and the superior court would be without jurisdiction to dismiss it."

The reasoning is clearly and wholly fallacious. The superior court has the right and the power to pass upon and decide a motion to dismiss an appeal taken thereto, and where the motion is based upon the ground that the undertaking required by section 978 of the Code of Civil Procedure for the indemnification of the costs accruing by reason of the appeal has not been filed, it is not only within the power, but it is the duty, of the court to dismiss the appeal or, speaking more accurately, the attempted appeal, since, as stated, the section named makes the filing of such an undertaking one of the essential and, indeed, indispensable requisites for conferring upon such court jurisdiction to hear and determine an appeal thereto from a justice's or police court. The rule that when a court once obtains jurisdiction of the subject matter of an action, it then has jurisdiction to decide a question arising therein erroneously as well as correctly, has no application to a case where the very question to be determined is whether the court has the legal authority to hear and determine the matter before it. The rule simply means that when the court has jurisdiction of the subject matter of the action, and makes error during the course of the trial or in its final decision, such error is correctible, not through a jurisdictional writ, but solely by appeal. Obviously, if the trial court is called upon to decide whether it has jurisdiction of the subject matter of the action and determines the question erroneously, or, having no jurisdiction, nevertheless claims it, it can be prevented from proceeding to exercise the usurped authority or, having exercised it, its action may be annulled and vacated by means of the remedy appropriate thereto.

For the reasons herein given, the order made by the respondents in this proceeding dismissing the appeal by the petitioners herein from the judgment of the justice's court of Little Lake Township, Mendocino County, in the action wherein said Harvey Carlton was plaintiff and the said petitioners were defendants, is hereby annulled, set aside, and vacated.

Chipman, P. J., and Burnett, J., concurred.