## BARTA v TIMAR, et

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct. 25, 1929

Friedman & Rummell, Youngstown, for Barta.

Morgan & Maiden, Youngstown, for Timar, et.

**POLLOCK, J.**

It is a well known rule of law that courts will not enforce an illegal contract of any kind, that the court leaves the contracting parties where they are. Both plaintiff and deefndants appeal to this rule, plaintiff that the defendants can not set up this payment by liquor,—even if he received it, it would not pay this loan. The defendants appeal to the proposition that courts leave the parties where they find them, if it is an executory contract they can not recover; if the contract was an executed one, that he leaves them right there.

In the case of **Thomas v. Cronise, 16 O., 54,** and in the opinion on page 57, the court says:

"It is a universal principle both in law and in equity that where an agreement is founded upon a consideration illegal, immoral or against public policy, a court will leave the parties where it finds them. If executed, the court will not rescind it. If executory the court will not aid in its execution."

And it refers to the case of **Raguet v. Cowles 14 O., 55,** and that case says:

"To reverse this judgment a writ of error was sued out and the case came on for hearing at the aforesaid December term of this court, 1831. By the decision of the court the judgment of the court of common pleas was reversed upon the principle that whenever an agreement appears to be illegal, immoral or against public policy, a court of justice leaves the parties as it finds them. If the agreement be executed the court will not rescind it. If executory the court will not aid in its execution."

This contract to pay this loan by the manufacture and delivery of intoxicating liquors is an executed contract. It was all carried out, according to the defendants' testimony, and the court will not aid this man who has received the payment of his claim through illegal property or under an illegal contract, but will leave him just where he is.

The judgment of the court below is affirmed. Exceptions.

Roberts and Farr, JJ. concur.