[Civil No. 3363. Filed July 12, 1933.]

[23 Pac. (2d) 937.]

NEW YORK LIFE INSURANCE COMPANY, a Corporation, Petitioner, v. M. T. PHELPS, Judge of the Superior Court of the State of Arizona in and for the County of Maricopa, Respondent.

Messrs. Ellinwood & Ross, Mr. Francis J. Ryley and Mr. Joseph S. Jenckes, Jr., for Petitioner.

Mr. Henderson Stockton and Mr. Leon S. Jacobs, for Respondent.

ROSS, C. J.—The petitioner, New York Life Insurance Company, prosecuted an appeal from the justice court of West Phoenix precinct to the superior court of Maricopa county, and the latter, Honorable M. T. PHELPS presiding, refused to take jurisdiction and dismissed the appeal on the ground that no appeal bond had been filed as provided by law. The petitioner, contending that the bond on appeal was sufficient, applied to this court for a writ of man-

date directing the respondent to reinstate the appeal and to proceed to try and determine the cause on its merits, alleging that it has no other remedy.

The respondent's return to the alternative writ raises but one question and that is whether, when an appeal bond has been executed by a surety company, it is necessary for the appellant also to sign. It seems to be conceded that, if the appeal bond was valid and sufficient, *mandamus* to compel the court to take jurisdiction and proceed with the trial of the case is the proper remedy. Cases cited sustaining this proposition are: *Bolen* v. *Superior Court*, 14 Ariz. 31, 123 Pac. 305; *Edwards* v. *Superior Court*, 159 Cal. 710, 115 Pac. 649; *Floyd* v. *Sixth Judicial District Court*, 36 Nev. 349, 135 Pac. 922, 4 A. L. R. 646; *Harris* v. *Barker*, (Utah) 12 Pac. (2d) 577.

The appeal bond was conditioned as provided by law and approved by the justice of the peace from whose court the appeal was taken. It was signed by a duly qualified surety company and also by the principal (appellant), but since the authority of the agent who affixed appellant's signature is questioned, we will consider the bond as executed by the surety company only.

The appeal bond mentioned in section 4204, Revised Code of 1928, and required to be filed with the justice of the peace and approved by him, we think may be (1) "executed by the principal and at least two sureties," as provided in section 339; or (2) "executed or guaranteed solely by a corporation . . . authorized to execute such bond or undertaking within this state," as provided in section 341. In other words, an appellant has his choice of filing a bond with personal sureties or one with a surety company as his surety. If he files the latter, it needs to be "executed" by the surety company only. That is what the statute says and that, we think, settles it. It is not necessary for the appellant in such case

to sign the appeal bond as principal. The section of the law requiring him to execute the bond as principal when he offers personal sureties has no application, and for us to discuss what the result might be if he failed to join in such bond would not be germane to the question we have before us.

Two reasons suggest themselves for the omission by the legislature to require the principal to sign a bond when it is executed by a qualified surety company: (1) The unquestioned ability of the surety to pay any judgment entered against the principal; and (2) the liability of the principal for such judgment whether he has signed the bond or not.

We should not forget that the surety company's contract is in the nature of insurance. It is in business for profit. It charges premiums for the risks. It assumes and expects to pay the loss if any occurs. *Royal Indemnity Co.* v. *Northern Ohio Granite & Stone Co.*, 100 Ohio St. 373, 126 N. E. 405, 12 A. L. R. 378, and note at page 382; *Massachusetts Bonding & Ins. Co.* v. *Lentz*, 40 Ariz. 46, 9 Pac. (2d) 408.

The petitioner, while contending all the time that its bond was valid and sufficient, asked the court, if the latter thought otherwise, to grant it permission to file a legal and sufficient bond on appeal as provided in section 4208. That section provides:

"No appeal shall be dismissed or the judgment affirmed by reason of any defect, informality or insufficiency of the appeal bond, if the appellant shall, within such time and upon such terms as the court may fix, file a legal and sufficient bond."

Here is manifested a clear intention to protect the right of appeal. At most, the affixing of the company's signature to the bond as principal by an agent who thought he had authority to do so, when in fact he did not have such authority, was "a defect, informality or insufficiency." It was still a bond, as

we construe it, within the intent of the legislature, capable of preserving the right of appeal; provided a bond free from such defect, informality, or insufficiency should be filed within the time and on the terms fixed by the court.

The contention is made that the bond in *Young Construction Co.* v. *Ruth Gold Mines Co.*, 14 Ariz. 518, 131 Pac. 1045, was less defective and informal than the one here, and that this court in declaring it no appeal bond laid down a rule which, if followed, clearly would condemn the bond rejected by respondent. The bond in that case was entitled in the superior court. It was not conditioned as the law requires an appeal bond to be and did not purport to be an appeal bond. It was denominated a "Cost Bond" and from its context clearly showed it to be a superior court bond for costs. There was no appeal bond, good, bad or indifferent filed in that case, and, of course, there was nothing to give the court jurisdiction to order a sufficient and valid bond filed.

It appears to us that the appeal bond rejected by respondent was valid and sufficient and that the case should be reinstated and heard upon its merits. Such is the order of this court.

McALISTER, J., and G. A. RODGERS, Superior Judge, concur.

NOTE.—On account of the illness of LOCKWOOD, J., Honorable G. A. RODGERS, Judge of the Superior Court of Maricopa County was called to sit in this case.