417 P.2d 532

Gene I. WENDT, dba Tucson Diesel Service, Appellant,

v.

Sam TILLER, Maxie Tiller, husband and wife, Desert Water Suppliers, Inc., and Desert Sam, Inc., and Bob Burns, dba Bob Burns' Motor Co., Appellees.*

No. 2 CA–CIV 241.

Court of Appeals of Arizona.

Aug. 8, 1966.

Howard & Williams, by Herbert E. Williams, Tucson, for appellant.

Morse & Kain, by George B. Morse, Tucson, for appellees.

* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 8463. The matter was referred to this court pursuant to A.R.S. Section 12–120.23.

MOLLOY, Judge.

This is an appeal from an order of the superior court dissolving an attachment and ordering return of attached property.

Sam Tiller, Maxie Tiller, Desert Water Suppliers, Inc., and Desert Sam, Inc., hereinafter referred to as the defendants, were indebted to Gene I. Wendt, hereinafter referred to as plaintiff, on an open account in the amount of $1,909.75. To represent this indebtedness the plaintiff secured from the defendants two thirty day promissory notes, both in the amount of $1,909.75, the first one being dated October 12, 1963, and the last one February 1, 1964. The first note to represent the same debt was never surrendered when the second note was received. There is a dispute between the parties as to whether the indebtedness was past due as of February 18, 1964, and whether attorney's fees are owing in addition to the principal amount plus interest. On February 18, 1964, the plaintiff filed a complaint against the defendants based on the indebtedness, and caused a writ of attachment to issue under A.R.S. § 12–1523, a statute allowing attachment prior to the due date of contract indebtedness. Bond was filed indemnifying the defendants. The bond was executed by a corporate surety, signing as a principal thereon, but the place provided for the signature of the plaintiff was left blank. A writ of attachment issued, and the sheriff attached a Mack dump truck, found on the premises of the named defendants

Plaintiff then (February 25, 1964) filed a verified amended complaint, stating substantially the same cause of action against the original defendants, but joining the appellee, Bob Burns, hereinafter referred to as appellee, as a party defendant. The amended complaint alleged that the defendants:

"* * * purported to have voluntarily transferred one 1951 Mack Dump Truck to Bob Burns Motors on or about February 13, 1964. That said conveyance was made with intent to hinder, delay, and defraud the numerous creditors of Defendants, including this Plaintiff, and that

said Bob Burns accepted and received said conveyance with knowledge of the said fraudulent intent on the part of said Defendants and with intent on his part to assist Sam Tiller and Sam Tiller as President and agent of Sam Tiller's two corporations in and for said fraudulent purpose."

The affidavit of attachment originally filed was never amended nor was bond ever secured indemnifying the appellee. Service was completed, and a verified answer to the amended complaint was filed by the defendants, including the appellee, in which it was alleged that the attached truck had been sold to appellee. The defendants counterclaimed for wrongful attachment and the plaintiff filed a verified reply stating, inter alia, that the transfer of the Mack dump truck was in fraud of creditors.

On March 30, the appellee, Bob Burns, filed a motion to quash the attachment. The motion, which is not verified, briefly stated:

"COMES NOW defendant, Bob Burns, dba Bob Burns Motor Co., and respectfully moves the above entitled court to quash that certain Attachment issued in the above entitled case on the 18th day of February, 1964, wherein on February 19, 1964 the Sheriff of Pima County seized one 1951 Mack dump truck, Model No. A–50S, belonging to this defendant, for the reason and upon the grounds that there is no valid Bond on Attachment in existence, and the Affidavit on Attachment is also void."

At the hearing held on the motion, no testimony was taken. The motion to quash attachment was granted and rehearing denied by the lower court.

■ An order dissolving an attachment is an appealable order. A.R.S. § 12–2101, subsec. F, par. 3. Appellant contends on appeal that attachment is a creature of statute and that there is no statutory basis for the order entered below.

■ The defense made of the order is twofold. The appellees first contend that

the failure of plaintiff to personally sign the attachment bond renders the attachment void. We are of the opinion that the signature of the principal is not required when a corporate surety executes the attachment bond. A.R.S. § 7–103 reads as follows:

" § 7–103. Corporate surety

"When a bond or undertaking conditioned upon the faithful performance of a duty, or upon doing or refraining from doing anything in the bond or undertaking specified, is by the laws of this state required or permitted to be given with surety, the execution or the guaranteeing of the performance of the condition shall be sufficient when executed or guaranteed solely by a corporation incorporated under the laws of the United States, or of any state, authorized to execute the bond or undertaking within this state, if the bond or undertaking is approved by the court, body or person required to approve or accept it. An officer or person having the power of approval of a bond shall not exact that it be furnished by a surety company or by a particular surety company."

■ In attachment, the approval required by A.R.S. § 7–103 is to be given " * * * by the officer issuing the writ, * * *" (A.R.S. § 12–1524) which officer may be either a justice of the peace or the clerk of court (A.R.S. §§ 12–1522, 12–1523). No particular form of approval is provided by statute, and we conclude that A.R.S. §§ 7–103 was satisfied by the acceptance and filing of the plaintiff's attachment bond by the clerk of the superior court. New York Life Ins. Co. v. Phelps, 42 Ariz. 222, 23 P.2d 937 (1933), holds that the principal's signature is not necessary on an appeal bond executed or guaranteed by a corporate surety. The Supreme Court, in the *Phelps* case, said:

"In other words, an appellant has his choice of filing a bond with personal sureties or one with a surety company as his surety. If he files the latter, it needs to be 'executed' by the surety company only. That is what the statute says and

that, we think, settles it. It is not necessary for the appellant in such case to sign the appeal bond as principal. The section of the law requiring him to execute the bond as principal when he offers personal sureties has no application, * * *

"Two reasons suggest themselves for the omission by the Legislature to require the principal to sign a bond when it is executed by a qualified surety company: (1) The unquestioned ability of the surety to pay any judgment entered against the principal; and (2) the liability of the principal for such judgment whether he has signed the bond or not." 42 Ariz. at 223–224, 23 P.2d at 938.

■ The appellee further contends that the attachment became subject to a motion to quash when a new party defendant was added, without amending the affidavit on attachment and without providing bond to the new defendant. The general law does not support this contention:

"*Amendments which merely correct errors in the spelling of the names of parties, or even those which add new parties, do not, as a general rule, affect the attachment, * * * Nor is an attachment affected by amendments to the plaintiff's pleading which merely change the form of the action, cure the defects in form, add new counts, or state the cause of action in more detail.*" (Emphasis added) 6 Am.Jur.2d, Attachment and Garnishment § 416, p. 852

Also see 7 C.J.S. Attachment § 268, p. 444.

■ A creditor-plaintiff is not required to attach the property of all debtor-defendants he may have cause to sue. Gulf Paving Company v. Lofstedt, 144 Tex. 17, 188 S.W. 2d 155 (1945); 6 Am.Jur.2d, Attachment and Garnishment § 67, p. 608; 7 C.J.S. Attachment § 22, p. 212. Accordingly, we see no cause to quash an attachment issued against certain defendants merely because a new defendant is added as to whom the writ does not run.

We express no opinion as to whether under the holding of General Insurance Com-

pany of America v. Deen, 3 Ariz.App. 187, 412 P.2d 869 (1966), the appellee is an indemnitee by operation of law under the bond posted here. The *Deen* case dealt with our replevin statutes while we are here concerned with statutes on attachment. The matter has not been briefed to this court and the applicable statutes have somewhat different verbiage.

We mention one final matter, not raised in appellees' brief, which may have influenced the lower court to quash the attachment. At time of answer, the defendants secured an order from the court, in pursuance of Rule 67(a), Rules of Civil Procedure, 16 A.R.S., permitting them to deposit with the clerk of the superior court the sum of $1,921.47 to abide the outcome of the litigation. This sum was deposited, and is sufficient to cover the principal of the second note received by plaintiff and interest to the date of depositing the money. The deposit would not cover costs of the action, subsequently accrued interest, or attorney's fees, which were all part of the plaintiff's claim for relief. Rule 67, Rules of Civil Procedure, makes no provision for the dissolving of an attachment. Applicable statutory law requires posting of bond by the defendant in double the amount of the debt sued upon or, at the defendant's option, for the value of the attached property. A.R.S. § 12–1536. The procedural requirements of this statute were not followed. Accordingly, we do not believe that the depositing of this money in pursuance of Rule 67(a) supports the action of the court below.

The order of the trial court is reversed, and the cause remanded for reinstatement of the attachment.

HATHAWAY, J., and ALICE TRUMAN, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge ALICE TRUMAN was called to sit in his stead and participate in the determination of this decision.